## O. E. BANDY v. STATE.

No. A-513.   Opinion Filed March 21, 1911.

Rehearing Denied April 25, 1911.

(114 Pac. 341.)

1. **APPEAL—Time for Proceedings.** In misdemeanor cases, the appeal must be taken within 60 days after the judgment is rendered, provided, however, that the trial court or judge may for good cause shown extend the time in which an appeal may be taken not exceeding 60 days. In such cases the appeal is taken by filing in this court a petition in error with case-made attached, or transcript of the record, together with proof of service of notices of appeal as required by statute, and when this is not done within the time prescribed by section 6948, Snyder's St., this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed.

2. **APPEAL—Time for Proceedings.** Where a plaintiff in error, defendant below, was on the 21st day of August, 1909, duly sentenced upon a conviction had for a misdemeanor and prayed an appeal, whereupon the trial court for good cause shown extended the time for taking such appeal 60 days, and the petition in error with case-made attached, together with proof of service of notices of appeal, were not filed in this court until the 30th day of December, 1909, **held**, that under sections 6948 and 6949, Snyder's St., this court did not acquire jurisdiction of such appeal.

(Syllabus by the Court.)

*Appeal from Marshall County Court; J. W. Falkner, Judge.*

O E. Bandy was convicted of unlawfully selling intoxicating liquor, and appeals. Dismissed.

*Kennamer & Coakley* and *Hardy & Franklin,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.  O. E. Bandy, plaintiff in error, was informed against, tried, convicted, and sentenced to be confined in the county jail for a term of 30 days and pay a fine of $100 and costs for the crime of unlawfully selling intoxicating liquor. The

judgment and sentence was pronounced on the 21st day of August, 1909, from which judgment and sentence an appeal was attempted to be taken by filing with the clerk of this court on December 30, 1909, a petition in error with case-made attached, and proof of service of the notices of appeal. On March 7th the cause was submitted on motion of the Attorney General to dismiss the appeal, "for the reason that the petition in error and case-made was not filed in this court within one hundred and twenty days after the rendition of the judgment."

Section 6948, Snyder's St., provides in part as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; provided, however, the trial court or judge may for good cause shown extend the time in which such appeal may be taken not exceeding sixty days."

This statute went into effect June 11, 1909. In this case the time for filing the petition in error in this court expired December 19, 1909. The cause was not filed in this court until December 30, 1909. This court has uniformly held that, in order to give this court jurisdiction, the proof of service of notices of appeal as prescribed by section 6949, Snyder's St., must be filed with the clerk of this court within the time which an appeal may be taken as prescribed by section 6948, Snyder's St. We believe that the statute requiring appeals in misdemeanor cases to be taken within 60 days and permitting the trial court or judge for good cause shown to extend the time not exceeding 60 days is a reasonable statute, calculated to promote swift and sure justice. Where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, together with case-made attached, or a transcript of the record, together with proof of service of notices of appeal as required by section 6949, Snyder's St., within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

The motion to dismiss is therefore sustained, and the cause

remanded to the county court of Marshall county, with direction to enforce the judgment and sentence.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.