PETE GREEN v. STATE.

No. A-1264.   Opinion Filed February 3, 1912.

(120 Pac. 1037.)

**APPEAL—Failure to File.**   The statute prescribing the manner in which an appeal can be taken to this court is mandatory, and a failure to file the appeal in this court within the time allowed by law or extended by order of the trial judge, is fatal to the appeal.

(Syllabus by the Court.)

*Appeal from Hughes County Court;*
*P. W. Gardner, Judge.*

On the 24th day of April, 1911, judgment was rendered against appellant for a violation of the prohibitory liquor law of the state of Oklahoma, and his punishment was assessed at a fine of $50, and imprisonment in the county jail for the period of 30 days.   Appealed.   Appeal dismissed.

*Crump, Skinner & Bailey,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   At the time of the rendition of this judgment, the court entered an order giving the defendant 60 days within which to prepare and serve a case-made.   The county attorney was allowed ten days thereafter in which to suggest amendments.   It was further ordered that the case-made should be settled and closed on ten days notice from either party, and that the appeal should be perfected by filing the record in the Criminal Court of Appeals within five days after the case-made was so settled and closed.   The record shows that the case-made was served on the county attorney on the 19th day of

June, 1911, and that on said date notices of appeal were duly served on the county attorney and clerk of the court, and that the case-made was duly signed, settled, and closed by the county judge on the 5th day of July, 1911. According to the order of the court, the transcript of the record and case-made should have been filed in this court not later than the 10th day of July, 1911, but it was not filed in this court until the 19th day of July, 1911, nine days after the expiration of the time prescribed in the order of the court. But giving the order of the court the most liberal construction possible in favor of appellant, and agreeing that he had 60 days in which to prepare and serve his case-made, and that the county attorney had ten days in which to suggest amendments, and that the county judge had ten days in which to settle and close the case-made, and appellant had five days in which to file the case-made and transcript of the record in this court, this would make 85 days from the date on which judgment was rendered, which expired on the evening of July 18, 1911, while the record was not filed in this court until the 19th day of July, 1911. So from any standpoint, the time for perfecting the appeal had expired when the record was filed in this court. We have no power to extend the time for filing the record in this court. If an appeal could be filed one day after the expiration of the time required by law, it could be filed one year or ten years after. Such a construction would allow criminals at pleasure to set at defiance the enforcement of the law. We think that the time granted by law within which appeals must be filed and the power given to trial judges in misdemeanor cases to extend this time 60 days beyond the time fixed by law upon a proper showing gives a defendant ample time within which to perfect his appeal. But, no matter what our opinion might be on this subject, we are absolutely bound by the provisions of the statute, and it would be a clear usurpation of power upon our part to grant time to perfect an appeal which was not allowed by law. As we have before said and again repeat, it is a very serious thing for a man to be convicted of a crime in the state of Oklahoma, and it is the duty of his attorneys to exercise the

utmost diligence in complying with the provisions of the law in perfecting an appeal, and, where they do not do this, no relief can be granted them, unless it affirmatively appears that they are altogether without fault or blame in the matter. But, where the time has expired, it cannot be extended by this or any other court. It matters not what prevented the appeal from being perfected before the expiration of such time. In the matter of perfecting an appeal, time is the essence of the right, and a failure to perfect the appeal within the time prescribed by law is jurisdictional and fatal to the appeal. We must therefore sustain the motion of the Attorney General and dismiss this appeal for want of jurisdiction. The appeal is therefore dismissed, with directions to the county court of Hughes county to proceed with the execution of its judgment.

ARMSTRONG and DOYLE, JJ., concur.