## J. V. KINNON v. STATE.

No. A-1411.   Opinion Filed May 9, 1912.

(123 Pac. 567.)

**APPEAL—Filing Case-Made—Delay.**  It is the duty of counsel appealing cases to this court from the trial courts to perfect the appeals in the manner provided by the statute, the provisions of which are plain and simple; and when not complied with, this court does not acquire jurisdiction to review a cause on the merits.

(Syllabus by the Court.)

*Appeal from Jackson County Court;*
*B. N. Woodson, Judge.*

J. V. Kinnon was convicted of violating the prohibitory law, and appeals.   Dismissed.

*S. J. Castleman,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen. (*C. J. Davenport,* of counsel), for the State.

ARMSTRONG, J. The plaintiff in error, J. V. Kinnon, was convicted at the May, 1911, term of the county court of Jackson county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $200 and confinement in the county jail for a period of thirty days.

The Attorney General has filed the following motion to dismiss the appeal in this case:

"Comes now the state of Oklahoma, by the Attorney General, and moves the court to dismiss the pretended appeal filed herein, and in support thereof says: First. That this is an attempted appeal from a judgment of conviction for violation of the prohibitory laws of the state of Oklahoma. That the judgment upon the verdict rendered in this case was entered on the 5th day of June, 1911, and the plaintiff in error was given 40 days within which to prepare and serve case-made, and the Attorney General says that said case-made was not served within said forty days, nor was any extension of time granted within the forty days, but that on the 20th day of July, 1911, the court made an order extending the time theretofore granted within which to prepare and serve the case-made, but the Attorney General says that the court was without authority to grant such extension of time for the reason that the original time granted had elapsed. Second. That the purported case-made was not filed in the office of the clerk of the county court, in which the judgment of conviction was had. Wherefore, the Attorney General moves the court to dismiss the pretended appeal."

It is the duty of counsel appealing cases to this court to observe the requirements of the statute, which are plain and simple. When this is not done, this court does not acquire jurisdiction to review the errors complained of against the trial court.

The motion is supported by the record, and the contention of the Attorney General is sustained by the law. We have no alternative except to dismiss the appeal.

Let the appeal be dismissed.

FURMAN, P. J., and DOYLE, J., concur.