## BOB DRAKE v. STATE.

No. A-1414.  Opinion Filed May 9, 1912.

(123 Pac. 568.)

APPEAL—Statutory Provisions.  It is the duty of counsel appealing cases to this court from the trial courts to perfect the appeals in the manner provided by the statute, the provisions of which are plain and simple, and when not complied with this court does not acquire jurisdiction to review a cause on the merits.

(Syllabus by the Court.)

*Appeal from Jackson County Court;*
*B. N. Woodson, Judge.*

Bob Drake was convicted of a violation of the prohibitory law, and appeals.  Dismissed.

*S. J. Castleman,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen. (*C. J. Davenport,* of counsel), for the State.

ARMSTRONG, J.  The plaintiff in error, Bob Drake, was convicted at the May, 1911, term of the county court of Jackson county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $300 and imprisonment in the county jail for a period of 30 days.

The Attorney General has filed the following motion to dismiss the appeal in this case:.

"Comes now the defendant in error, by the Attorney General, and, appearing especially for the purpose of this motion, moves the court to dismiss the pretended appeal filed herein, and in support thereof says:  First. That this is an attempted appeal from the judgment of conviction for violation of the prohibitory laws of the state of Oklahoma.  That the judgment of conviction was entered in the trial court on the 9th day of June, 1911, and on said date the plaintiff in error was given 40 days from that time in which to prepare and serve case-made.  That the case-made was not filed within said 40 days, but that on the 20th day of July,

1911, the court entered an order extending the time theretofore granted within which to prepare and serve a case-made, but the Attorney General says that the trial court had no authority to make such order extending the time to make and serve a case-made, for the reason that the time originally granted had elapsed. Second. And the Attorney General further says that there is no petition in error attached to said purported case-made, nor filed in this court in such case. Wherefore the Attorney General moves the court to dismiss the pretended appeal filed herein."

It is the duty of counsel appealing cases to this court to observe the requirements of the statute, which are plain and simple. When this is not done, this court does not acquire jurisdiction to review the errors complained of against the trial court. The motion is supported by the record, and the contention of the Attorney General is sustained by the law. We have no alternative, except to dismiss the appeal.

Let the appeal be dismissed.

FURMAN, P. J., and DOYLE, J., concur.