## CLAUD GORMAN v. STATE.

No. A-1352. Opinion Filed May 7, 1913.

(131 Pac. 939.)

1. **APPEAL—Time of Taking.** The statute limiting the time within which appeals can be taken to this court is mandatory; and, where counsel delay perfecting an appeal until the last moment, they do so at their peril, and if the time for taking an appeal has expired, before the appeal is perfected, this court is without power to do otherwise than dismiss the appeal.

2.  **APPEAL—Case-Made.** If there is any question about making and serving a case-made within the time provided by law, counsel desiring to appeal should file in this court a transcript of the record and a petition in error, and thereby perfect their appeal. After this court has acquired jurisdiction of the case, it has the power to extend the time for preparing and filing the case-made.

(Syllabus by the Court.)

*Appeal from Superior Court, Pottawatomie County;*
*G. C. Abernathy, Judge.*

Claud Gorman was convicted of murder, and appeals. Dismissed.

*F. H. Riley* and *J. T. Williams,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. The judgment in this case was rendered against appellant on the 6th day of February, 1911. The petition in error and case-made were not filed in this court until the 5th day of September, 1911, nearly a month after the six months · provided by law for perfecting appeals in felony cases had expired.

Counsel for appellant have filed a motion requesting this court to direct the clerk of the court to correct the record, and make it show that the petition in error and case-made were filed in court on the 5th day of August, 1911. In support of this motion, they show by the affidavit of one of the attorneys for appellant and also by the affidavit of the agent of the American Express Company at Shawnee, Okla., that on the 4th day of August, 1911, the petition in error and case-made were deposited with the agent of the American Express Company at Shawnee, Okla., for transportation to the clerk of this court, properly directed to the clerk of this court, and that if the express company had performed its duty, said case-made and petition in error would have been delivered to the clerk of this court on the 5th day of August, 1911, within six months from the date of the final judgment allowed by law for

appeals in felony cases, and that through some inadvertence or mistake on the part of said express company said case-made and petition in error were miscarried by the American Express Company, and were not delivered to the clerk of this court but were sent to the city of Chicago, Ill., and were returned to the agent at Shawnee on the 26th day of August, 1911, after the time had expired for filing said petition in error and case-made with the clerk of this court.

It is contended by counsel for appellant that for these reasons the court should order the petition in error and case-made to be filed as of date of August 5, 1911. In support of this contention counsel in their brief say:

"Suppose a case-made in a capital case in which a man is condemned to death reaches the clerk's office two days before the time for filing has expired, and the clerk negligently failed to file it until one day after the expiration of the time fixed by statute for filing the appeal. Under the contention of the state the man must die because the clerk failed to perform his duty. It is no answer to this illustration to say such a thing would not occur or happen, and the argument is an extreme one and beyond all probability. It could happen, and it might happen. Of course, the presumption is that it would not happen, but it might. Then under such circumstances what would be the duty of this court? Certainly this court, like nearly every other court that has passed on this question, would take the reasonable and heroic position that, inasmuch as the record reached the clerk's office in time, constructively it was filed, and the time lost is not counted. This is a very serious matter, and should not be treated lightly or as if it was a bootlegging case or some other misdemeanor. It is true that the above illustration is hypothetical, but it points out the danger of such an immutable rule for which the state is contending."

Under the illustration presented by counsel for appellant, the court would treat the case-made and petition in error as having been filed at the time it came into the possession of the clerk of the court, and would direct an order to that effect, because the clerk of the court is the agent of the court and depositing a case-made and petition in error with said clerk

would in effect be the filing of the papers, and no further action would be required on the part of the appellant. But this illustration has no application to the facts stated. The express company was in no sense of the word the agent of the court, and the court is in no manner responsible for its neglect of duty. When the appellant deposited the case-made in the office of the express company, he thereby constituted such express company his agent for the prompt delivery of such package to the clerk of this court. Any negligence on the part of the express company was therefore the negligence of appellant.

Parties desiring to appeal in felony cases have six months within which to perfect their appeals. If there is any question about perfecting a case-made within this time, counsel for appellant should file a transcript of the record with the petition in error in this court, and thereby perfect the appeal. This court, having acquired jurisdiction of the case, would then have the power and right to extend the time for filing the case-made.

The time prescribed by law for perfecting an appeal is mandatory. The law provides no exceptions, and no court has the power to extend such time. See *Farmer v. State,* 5 Okla. Cr. 151, 114 Pac. 753; *Musick v. State,* 5 Okla. Cr. 608, 115 Pac. 377; *Kanamaya v. State,* 6 Okla. Cr. 208, 118 Pac. 151; *Green v. State,* 7 Okla. Cr. 5, 120 Pac. 1037; *Bethel v. State,* 7 Okla. Cr. 36, 121 Pac. 792; *Billus v. State,* 7 Okla. Cr. 37, 121 Pac. 790; *Drake v. State,* 7 Okla. Cr. 313, 123 Pac. 568; *Kinnon v. State,* 7 Okla. Cr. 320, 123 Pac. 567. Where counsel delay perfecting an appeal until the last moment, they do so at their peril, and, if the time expires before said appeal is perfected, this court is without power to grant relief. In the case of *Dobbs v. State,* 5 Okla. Cr. 485, 115 Pac. 372, this court said:

"While it is true that an appeal is a constitutional right, yet it is subject to legislative regulation, and a failure to comply with the legislative provisions touching this matter is fatal to an appeal. Attorneys complain that the laws relating to

appeals are entirely too strict and rigid. We think that directly the opposite is true. The writer of this opinion for many years practiced law in Texas, where the statement of facts and bill of exceptions had to be prepared and placed in the hands of the trial judge not later than ten days after the adjournment of the court in which the case was tried. We had no stenographers then, and this work had to be done by the lawyers themselves, and from memory alone. The writer never had the least difficulty in getting up any of his records. The reports of the appellate courts of Texas will show that very few defective records are filed in those courts. When lawyers know that work of this kind must be done 'right now,' it will not only be done promptly, but will also be done correctly. On the other hand, if attorneys have months in which to have their records made up, and then have the assistance of a stenographer in preparing this work, they often put the work off until the very last moment, when it is apt to be hurriedly and carelessly done, and many mistakes will be made. When this case was tried, the attorneys had one year within which to perfect their appeals. In this case counsel took all of this time. To the length of time which the appellant had within which to perfect his appeal must be attributed the fatal errors that were made in the preparation of the case-made and the transcript of the record. If the law had required this work to have been done promptly, the chances are ten thousand to one that it would have been done correctly. A very large per cent. of the records that are brought to this court and the Supreme Court of this state are in a fatally defective condition, as is evidenced by the large number of dismissals which have been entered in each court We think that the length of time granted by the law in which appeals may be perfected is largely responsible for this."

The motion to dismiss the appeal is therefore sustained, and the appeal is therefore dismissed, with directions to the trial court to proceed with the execution of its judgment.

ARMSTRONG, P. J., and DOYLE, J., concur.