## RICH ALEXANDER v. STATE.

No. A-2169.    Opinion Filed October 3, 1914.

(143 Pac. 205.)

1.   APPEAL—Time for Perfecting. In misdemeanor cases the appeal
     must be taken within 60 days after the judgment is rendered, pro-
     vided, however, that the trial court or judge may for good cause
     shown extend the time in which an appeal may be taken, not
     exceeding 60 days. In such cases the appeal is taken by filing
     in this court a petition in error with case-made attached, or
     transcript of the record, together with proof of service of notices
     of appeal as required by statute, and when this is not done within
     the time prescribed by Procedure Criminal (section 5991, Rev.
     Laws 1910), this court does not acquire jurisdiction of the appeal,
     and such an appeal will be dismissed.

2.   SAME—Time for Perfecting. The statute limiting the time within
     which appeals can be taken to this court is mandatory. The
     law makes no provision for delays occasioned by miscarriage by
     mail, and a plaintiff in error at his peril takes the chances of
     delay by sending the record through the mail.

(Syllabus by the Court.)

*Appeal from County Court, Haskell County;
William L. Crittenden, Judge.*

Rich Alexander was convicted of the unlawful sale of in-
toxicating liquor, and appeals.    Appeal dismissed.

*A. L. Beckett,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty.
Gen., for the State.

DOYLE, J.    Plaintiff in error was convicted on an in-
formation which charged the unlawful sale of intoxicating liquor,
and, in accordance with the verdict, was sentenced to be confined
in the county jail for 90 days, and to pay a fine of $150.    The
judgment was rendered on the 12th day of November, 1913.
The Attorney General has moved to dismiss the appeal on the
ground that the petition in error with case-made was not filed
in this court within the time allowed by law in which to perfect
said appeal, in that the trial court or judge did not extend the

statutory time of 60 days within which to perfect said appeal, as shown by the case-made.

Plaintiff in error has filed an answer to the motion of the state to dismiss, wherein it is averred that on the 8th day of January, 1914, plaintiff in error deposited in the United States post office at Stigler, properly addressed to the clerk of the Supreme Court of Oklahoma, and with postage thereon prepaid, the petition in error with case-made; 'that the time ordinarily taken for the transmission of mail matter from Stigler to Oklahoma City is less than one full day; that plaintiff. in error had every right to believe, and did believe, that said petition in error and case-made would be delivered to the clerk of the Supreme Court in the city of Oklahoma within. the time allowed by law to perfect said appeal.

In support of the averments are filed the affidavits of A. L. Beckett, counsel for plaintiff in error, and J. T. Kelley, postmaster at Stigler.

An appeal in a criminal case is taken by filing in this court a petition in error with case-made or transcript of the record attached, together with proof of service of the notices of appeal, as required by statute, section 5992, Rev. Laws 1910. When this is not done within the time allowed by the statute (section 5991, Rev. Laws 1910), this court does not acquire jurisdiction of the appeal. *Bandy v. State,* 5 Okla. Cr. 397, 114 Pac. 341; *Green v. State,* 7 Okla. Cr. 5, 120 Pac. 1037.

Our Code of Criminal Procedure provides (section 5991, Rev. Laws 1910) that:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such an appeal may be taken, not exceeding sixty days."

In the case of *Gorman v. State,* 9 Okla. Cr. 351, 131 Pac. 939, it was held:

"The statute limiting the time within which appeals can be taken to this court is mandatory; and, where counsel delay perfecting an appeal until the last moment, they do so at their peril, and if the time for taking an appeal has expired before the ap-

peal is perfected, this court is without power to do otherwise than dismiss the appeal."

In the case of *Cannady v. State,* 6 Okla. Cr. 634, 117 Pac. 653, it is said:

"Counsel for appellant attempt to excuse their failure to perfect said appeal within the time prescribed by law by showing that this delay was caused through some miscarriage of the post office department of the United States. The law makes no provision for such delays as this. Counsel at their peril take the chances of sending matter through the mail at the last day. It is their duty to take such steps as will insure the filing of their appeals in this court within the time prescribed by law."

When in a misdemeanor case the appeal is not perfected within 60 days from the rendition of the judgment, the record must show a proper order made by the trial court or judge thereof, before the expiration of the first 60 days, extending the statutory time in which the appeal may be taken; otherwise the appeal will be dismissed, because this court is without jurisdiction to review the record on appeal.

In the case at bar the petition in error and case-made was not filed in this court until the sixty-third day after the judgment was rendered. Plaintiff in error shows that the failure to perfect his appeal within the time prescribed by the statute was due to some miscarriage of the mails. The law makes no provision for delays of this kind. Plaintiff in error at his peril takes the chances of delay by sending the record through the mails. It follows that the motion to dismiss the appeal should be sustained. It is therefore ordered that the purported appeal be, and the same is hereby, dismissed, and the cause remanded to the trial court, with direction to proceed with the execution of its judgment.

ARMSTRONG, P. J., and FURMAN, J., concur.