## DAVE BARKS v. STATE.

No. A-2133.    Opinion Filed April 28, 1915.

(147 Pac. 1055.)

1.    APPEAL—Dismissal. In felony cases the appeal must be taken within six months after the judgment is rendered. Section 5991, Rev. Laws. In such cases the appeal is taken by filing in this court a petition in error with case-made attached, or transcript of the record, together with proof of service of notices of appeal as required by statute, and when this is not done within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed.

2.    SAME—Time for Perfecting—Excuse for Delay. The statute limiting the time within which appeals can be taken to this court is mandatory. The law makes no provisions for delays occasioned by miscarriage by express companies, and a plaintiff in error at his peril takes the chances of delay by forwarding the record to this court by express.

(Syllabus by the Court.)

*Appeal from District Court, Sequoyah County;
John H. Pitchford, Judge.*

Dave Barks was convicted of aggravated assault, and appeals. Appeal dismissed.

*Curtis & Pitchford,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen.; for the State.

DOYLE, P. J. The plaintiff in error, Dave Barks, was convicted of aggravated assault on an information which charged that he did unlawfully and feloniously make an assault upon, and shoot at, one Lee Blair with a rifle, with the felonious intent on the part of him, the said Dave Barks, to kill the said Lee Blair. On May 21, 1913, the court rendered judgment, and in accordance with the verdict of the jury sentenced the plaintiff in error to be imprisoned in the penitentiary at McAlester for the term of three years. From this judgment the defendant attempted to perfect an appeal by filing in this court

on November 22, 1913, his petition in error with case-made. A motion to dismiss the appeal has been filed by the Attorney General, which, omitting the formal parts, reads as follows:

"Comes now the state of Oklahoma by the Attorney General and moves the court to dismiss the appeal herein, and as grounds therefor says that this is an attempted appeal from a judgment in a felony case, which judgment was rendered on May 21, 1913; that the petition in error with case-made attached was not filed in this court until November 22, 1913, which was after the expiration of the six months allowed by law within which to perfect the appeal. Wherefore, the Attorney General says this court has no jurisdiction as to said attempted appeal, except to dismiss the same, and accordingly prays for an order of dismissal."

Plaintiff in error has filed an answer to the motion to dismiss wherein it is averred:

"That on the 19th day of November, 1913, his said attorneys delivered the petition in error in this case, with a copy of case-made thereto attached, in duplicate, to the Wells Fargo Express Company, at Sallisaw, Okla., and prepaid the express thereon. That said petition in error and case-made was plainly marked, 'W. H. L. Campbell, Oklahoma City, Okla.' The original receipt of the express company is hereto attached, marked 'Exhibit A,' and made a part of this response. That said petition in error and case-made should have reached Oklahoma City, and been delivered to the clerk of this court, some time during the day of November 20, 1913."

An appeal from a judgment of conviction in a felony case is taken by filing in this court a petition in error with case-made, or transcript of the record, attached, together with proof of service of the notices of appeal as required by statute (section 5992, Rev. Laws 1910). When this is not done within the time allowed by statute (section 5991, Rev. Laws 1910), this court does not acquire jurisdiction of the appeal.

Our Code of Criminal Procedure provides:

"In felony cases the appeal must be taken within six months after the judgment is rendered." (Section 5991, Rev. Laws 1910.)

In the case of *Gorman v. State,* 9 Okla. Cr. 351, 131 Pac. 939, it was held:

"The statute limiting the time within which appeals can be taken to this court is mandatory; and, where counsel delay perfecting an appeal until the last moment, they do so at their peril, and if the time for taking an appeal has expired, before the appeal is perfected, this court is without power to do otherwise than dismiss the appeal."

In the case of *Canady v. State*, 6 Okla. Cr. 634, 117 Pac. 653, it is said:

"Counsel for appellant attempt to excuse their failure to perfect said appeal within the time prescribed by law by showing that this delay was caused through some miscarriage of the post office department of the United States. The law makes no provision for such delays as this. Counsel at their peril take the chances of sending matter through the mail at the last day. It is their duty to take such steps as will insure the filing of their appeals in this court within the time prescribed by law."

In the case at bar the petition in error and case-made was not filed with the clerk of this court within six months after the judgment was rendered. It was one day too late. Plaintiff in error shows that the failure to perfect his appeal within the time prescribed by the statute was due to some miscarriage of the express company. The law makes no provisions for delays of this kind. Plaintiff in error at his peril takes the chances of delay by forwarding the record by express.

It follows that the motion to dismiss the appeal should be sustained. It is therefore ordered that the purported appeal be, and the same is hereby, dismissed, and the cause remanded to the district court of Sequoyah county, with direction to cause its judgment and sentence to be carried into execution.

FURMAN and ARMSTRONG, JJ., concur.