## GEO. GARDNER *et al.* v. STATE.

No. A-3572—Opinion Filed Nov. 12, 1920.

(193 Pac. 56.)

(Syllabus.)

**APPEAL AND ERROR—Time for Appeal—Misdemeanors.** Procedure Criminal, § 5991, Rev. Laws 1910, provides that: "In misdethereof, for good cause shown, extended the time; otherwise this the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held, that, when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court, or judge thereof, for good cause shown, extend the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed.

*Appeal from Superior Court, Okmulgee County;*

*R. E. Simpson, Judge.*

George Gardner and Rose Gardner were convicted of a violation of the prohibitory liquor law and they appeal. Appeal dismissed, and cause remanded.

*Caruthers & Carter,* for plaintiff in error.

The Attorney General and *W. C. Hall* and *E. L. Fulton*, Asst. Attys. Gen., for the State.

PER CURIAM. The plaintiffs in error were jointly charged, tried, and convicted on an information charging that they did have possession of certain intoxicating liquor, to wit, eight gallons of Choctaw beer, which then and there contained more than one-half of 1 per cent. alcohol, with the intention of selling the same, and their punishment assessed at a fine of $50 each and confinement in the county jail for 60 days each.

From the judgment rendered on the verdict March 18, 1919, an appeal was attempted to be taken by filing in this court on July 2, 1919, a petition in error with case-made.

The Attorney General, on August 20, 1920, filed a motion to dismiss the appeal in this case, in part as follows:

"That on March 18, 1919, a judgment of conviction was rendered against plaintiffs in error for the crime of unlawful possession of intoxicating liquor; that afterwards, on the 16th day of May, 1919, plaintiffs in error were given an extension of 30 days from and after the time allowed by law in which to file their appeal in this court, and that such time expired on the 16th day of June, 1919, and that the appeal was not entered in this court until the 2d day of July, 1919, for which reason the defendant in error says that this court has no jurisdiction to entertain this appeal, and the same should be dismissed."

An examination of the record discloses that the motion to dismiss is well founded. Our Code of Criminal Procedure provides:

"In misdemeanor cases the appeal must be taken

within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Rev. Laws.

It is the uniform holding of this court that when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court or judge thereof extended the time; otherwise this court is without jurisdiction to review the judgment and such appeal will be dismissed. *Richards v. State,* 16 Okla. Cr. 162, 181 Pac. 520.

It therefore follows that upon the record in this case the motion of the Attorney General should be sustained. It is so ordered, and the purported appeal herein is dismissed, and the cause remanded.