### FRANK FORNEY v. STATE.

No. A-3706.   Opinion Filed Aug. 8, 1921.
(200 Pac. 558.)

Appeal from County Court, Texas County; Geo. M. Fritz, Judge.

Frank Forney was convicted of the offense of operating an automobile without license, and appeals. Appeal dismissed.

John L. Gleason, for plaintiff in error.

S. P. Freeling, Atty. Gen., E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction rendered in the county court of Texas county on the 22nd day of October, 1919, against plaintiff in error for unlawfully operating an automobile upon a public road of Texas county without first having secured a license therefor, and punishment assessed at a fine of $50 and costs.

The Attorney General has filed a motion to dismiss the appeal on the ground that the same was not filed in this court

within 120 days from the date the judgment was rendered. An examination of the record discloses that the judgment was rendered on the 22d day of October, 1919, and that the case-made and petition in error were not filed in this court until the 21st day of February, 1920, which was 122 days after the rendition of said judgment.

This being an attempted appeal from a judgment of conviction for a misdemeanor, the greatest length of time within which the appeal could have been lodged in this court was 120 days from the date of the rendition of judgment. Section 5991, Revised Laws 1910; Miller et al. v. State, 19 Okla. 148, 197 Pac. 121.

The appeal to this court lies from the judgment. Section 5988, Revised Laws 1910.

While an appeal may be taken by defendant as a matter of right, the manner of taking and perfecting same is a proper matter of legislative control. Waggoner v. State, 13 Okla. Cr. 715, 167 Pac. 237.

The statute prescribing the manner in which an appeal can be taken is mandatory and must be followed. Green v. State, 7 Okla. Cr. 5, 120 Pac. 1037; Gorman v. State, 9 Okla. Cr. 351, 131 Pac. 939.

Case-made and petition in error not having been filed in this court within 120 days after the rendition of judgment, this being a conviction for a misdemeanor, the motion of the Attorney General to dismiss the appeal must necessarily be sustained, and the appeal is therefore ordered dismissed and the cause remanded to the trial court with directions to carry into effect the judgment.