HOMER SELF et al. v. STATE.

No. A-4049.   Opinion Filed May 12, 1923.

(214 Pac. 935.)

(Syllabus.)

1.   **Appeal and Error—Time for Appeal of Misdemeanor.** If the appeal in a misdemeanor case is not lodged in this court within 60 days after the rendition of the judgment appealed from, this court does not acquire jurisdiction of the appeal unless a proper order was made extending the time within which the appeal may have been lodged in this court, not exceeding an additional 60 days.

2.   **Appeal and Error—Case-Made—Signing and Settling—Judges.** The case-made must be signed and settled by the judge who tried the case, though such trial judge be a special judge, in the absence of such circumstances or conditions enumerated by the statute authorizing one other than such trial judge to sign and settle a case-made.

Appeal from County Court, McIntosh County; R. D. Howe, Special Judge.

Homer Self and another were convicted of manufacturing intoxicating liquor, and they appeal. Appeal dismissed and remanded with directions.

J. G. Harley, for plaintiffs in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Sp. Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction rendered against the defendants in the county court of McIntosh county on the 27th day of April, 1921, on a joint trial on a charge of unlawfully manufacturing liquor, with punishment assessed against each defendant at a fine of $200 and imprisonment in the county jail for a period of 30 days.

The Attorney General has filed a motion to dismiss the appeal upon the following grounds: First, for the reason that the appeal was not lodged in this court within the time allowed by statute for taking appeals in misdemeanor cases; second, upon the ground that the case-made is not certified to by the judge who tried the cause, there being no showing of the inability of the trial judge to certify to the case-made, and the record not containing a transcript duly certified to by the court clerk.

Both grounds of the motion appear to be well taken. The appeal was not lodged in this court within 60 days after the rendition of the judgment. The judgment was rendered on April 27, 1921, and the petition in error with the purported case-made was filed in this court on August 15, 1921. There was no extension of time allowed beyond the 60-day period for taking appeals in misdemeanor cases. If the appeal in a

misdemeanor case is not lodged in this court within 60 days after the rendition of the judgment appealed from, this court does not acquire jurisdiction of the appeal unless a proper order was made extending the time within which the appeal may have been lodged in this court, not exceeding an additional 60 days. Section 2808, Compiled Statutes 1921.

It further appears that Hon. E. I. O'Reilly, the regular judge of the county court of McIntosh county, was disqualified to try this case by reason of his having been county attorney of such county at the time this prosecution was instituted. Hon. R. D. Howe was elected by the bar of the county to act as special judge in this case and did qualify and act in that capacity. The purported case-made is signed and settled by Hon. E. I. O'Reilly, the regular judge of the county court, who had previously certified his disqualification. There is no showing of the inability of the special judge to certify, sign, and settle the case. Under repeated decisions of this, as well as the Supreme Court of this state, a case-made so settled, certified, and signed is under such circumstances a nullity. Burnett v. Burnett, 77 Okla. 243, 188 Pac. 342, and cases cited; Lyde v. State, 17 Okla. Cr. 365, 187 Pac. 252, and cases cited.

The case-made being a nullity, and there being no certified transcript of the record proper attached to the petition in error and filed in this court, there is no proper record brought before the court for review.

For reasons stated, the motion of the Attorney General to dismiss the appeal is sustained, and the appeal is dismissed, and the case remanded to the trial court, with instructions to enforce the judgment and sentence as to each defendant.