## J. RAMBO v. STATE.

No. A-4561.    Opinion Filed June 21, 1923.
Rehearing Denied Dec. 4, 1923.
(220 Pac. 79.)

(Syllabus.)

1.    **Appeal and Error—Dismissal Where Procedure on Appeal Does not Follow Statute.** Procedure Criminal, Comp. St. 1921, § 2808, provides: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held, in such cases the appeal is taken by filing in this court a petition in error with case-made attached, or transcript of the record, together with proof of service of notices of appeal as required by the statute, and when this is not done, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

2.    **Same—Record to Show Extension of Statutory Time for Appeal of Misdemeanor Case.** Procedure Criminal, Comp. St. 1921, § 2808, provides: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held, where, for good cause shown, the statutory time is extended the record must affirmatively show such extension.

Appeal from County Court, Cleveland County; George Allen, Judge.

J. Rambo was convicted of a violation of the prohibitory liquor law, and he appeals.    Appeal dismissed.

H. J. Mackey, for plaintiff in error.

George F. Short, Atty Gen., and Leon S. Hirsh, Sp. Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error, J. Rambo, was convicted on a charge that he did have possession of 250 pints of Choctaw beer, containing more than one-half of one per cent. alcohol, with intent to violate the prohibitory liquor laws, and his punishment was fixed at a fine of $500 and confinement in the county jail for a period of 6 months.  On October 10, 1922, the court rendered judgment and sentence in accordance with the verdict.  From the judgment the defendant attempted to take an appeal by filing in this court on February 3, 1923, a petition in error with case-made.

On June 2, 1923, the Attorney General filed a motion to dismiss the appeal herein for the reason:

"That no notice of appeal was served in this case as required by law, in that the record shows that such notice of appeal was only served upon the court clerk, and that no such notice was served upon the county attorney as required by law, nor was there any summons in error issued."

—and the further reason that the petition in error, with case-made, was not filed in this court within 60 days from the rendition of the judgment.

Counsel for appellant has filed a response to the motion stating that the record contains the proof of service on the county attorney of the notice of appeal.

Our Code provides:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that appellant appeals from the judgment.  If taken by the defendant, a similar notice must be served upon the prosecuting attorney."  Section 2809, Comp. Stats. 1921.

It will be observed that the statute requires not only the service of a notice upon the prosecuting attorney, but also upon the clerk of the court where the judgment is rendered. That was not done in this case.

The uniform holding of this court is that notices of appeal, and the proof thereof given and made within the time prescribed for perfecting an appeal, are jurisdictional. Crawford v. State, 4 Okla. Cr. 4, 109 Pac. 1114; Bandy v. State, 5 Okla. Cr. 397, 114 Pac. 341; Means v. State, 10 Okla. Cr. 581, 139 Pac. 1155.

It follows that this ground of the motion to dismiss is well taken.

The appeal was not lodged in this court within sixty days after the rendition of the judgment.

Our Code provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 808, Comp. Stats. 1921.

It has been repeatedly decided by this court that the record must show a proper order made by the trial court or judge thereof, extending the statutory time in which the appeal may be taken; otherwise the appeal will be dismissed, because this court is without jurisdiction to review the record on appeal. Alexander v. State, 11 Okla. Cr. 110, 143 Pac. 205; Gunter v. State, 13 Okla. Cr. 83, 162 Pac. 231; Peyton v. State, 13 Okla. Cr. 243, 163 Pac. 719; Self v. State, 23 Okla. Cr. 349, 214 Pac. 935.

For the reasons stated, the motion to dismiss the appeal is sustained, the appeal is dismissed, and the cause remanded to the county court of Cleveland county, with direction to enforce the judgment and sentence.

MATSON, P. J., and BESSEY, J., concur.