## BILL BRADY v. STATE.

No. A-8987.   March 27, 1936.
(56 Pac. [2d] 428.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Custer county, on a charge of possession of intoxicating liquor with intent to sell, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for a period of thirty days.

The judgment was entered May 31, 1935.  The court entered an order allowing the defendant 45 days from the said 31st day of May, 1935, in which to make and serve a case-made, but made no order extending the time to file his appeal in this court beyond the 60 days allowed by the statute.  The petition in error and case-made was not filed in this court until the 7th day of September, 1935, more than 60 days after the rendition of the judgment.  The case-made shows that the same was settled and certified by the trial judge on the 10th day of July,

1935; no reason being given why the case-made with petition in error attached was not filed in this court within the 60 days fixed by the statute.

Attached to the case-made is a purported order dated the 5th day of August, 1935, attempting to extend the time for the case-made to be filed in the Criminal Court of Appeals.

A motion to dismiss the appeal has been filed by the Attorney General, on the ground that the case-made with the petition in error attached was not filed in this court within the 60 days provided by the statute, and that no extension of time was granted the defendant within the 60 days to make and serve a case-made and file the same within the statutory time. When the order of August 5, 1935, was entered, the court was without jurisdiction to enter the same; the 60 days provided by the statute for filing the appeal in this court had expired. This court has repeatedly held that when time is extended the record must show such extension, and that the order of extension was made before the expiration of the 60 days after the judgment rendered. Gardner v. State, 18 Okla. Cr. 321, 193 Pac. 56; Wilson v. State, 24 Okla. Cr. 268, 269, 217 Pac. 1057; Rambo v. State, 25 Okla. Cr. 344, 220 Pac. 79.

Section 3192, O. S. 1931, in part, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days." Alexander v. State, 11 Okla. Cr. 110, 143 Pac. 205, 206; Self v. State, 23 Okla. Cr. 349, 214 Pac. 935.

As the record in this case was not filed within the 60 days provided by the statute, and no legal extension of time granted by the trial court, it therefore appears that

the motion of the Attorney General to dismiss the appeal should be sustained. It is so ordered, and the purported appeal is dismissed and the case remanded, with directions to the trial court to carry out the judgment and sentence.

EDWARDS, P. J., and DOYLE, J., concur.