JOHNSON, P. J., and BUSSEY, J., concur.

John Peter O'DONNELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13524.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1964.

Rehearing Denied Nov. 4, 1964.

John D. Harris, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

This is an attempted appeal from a Judgment and Sentence rendered in the Municipal Criminal Court of the City of Tulsa, State of Oklahoma, on the 27th day of February, 1964, finding defendant, John Peter O'Donnell, guilty of Possession of Narcotic Paraphernalia, and fixing his punishment at six months in the county jail plus costs.

It appears that on the 26th day of February, 1964, this cause was commenced by the filing of an information charging a violation of Title 63 O.S. § 470.11. That on the 27th day of February, 1964, defendant, plead guilty to the charge without the aid of counsel, and was sentenced by the court. Said case number in the Municipal Criminal Court of the City of Tulsa being No. 27112.

Thereafter, on the 23rd day of March, 1964, there was filed, by counsel, a Motion to Vacate, on behalf of the defendant John Peter O'Donnell, which was overruled by the court on the 25th day of March, 1964.

The Petition in Error, with casemade was filed in this Court on May 22, 1964.

The Attorney General has filed a Motion To Dismiss the appeal on the ground that the casemade contains no order extending the time in which to file this appeal beyond the Sixty (60) days allowed by statute, citing Title 22 O.S.1961 § 1054.

The record shows that on the 23rd day of April, 1964, the Hon. Ralph R. Adkisson, Judge of the Municipal Criminal Court of the City of Tulsa, for good cause shown, granted an additional Thirty (30) days time to make and serve the casemade, but at no time did the court grant any extension of time within which to file a petition in error in this Court beyond the Sixty (60) days allowed by statute.

It may seem hypertechnical to hold that time for preparing the casemade is not inclusive of the right to appeal, but the law has been so interpreted. It has been repeatedly held that appeal is a matter of right, but the manner of taking the same is a matter within legislative control. Title 22 O.S.1961 § 1052; See, Chase v. State, Okl.Cr., 378 P.2d 779; Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228; and other cases cited.

The conditions for time to prepare appeal and casemade are two separate and distinct requirements that must be separately attended to by counsel or the accused.

In Seabolt v. State, Okl.Cr., 357 P.2d 1014, this Court said:

"An order extending the time to make and serve a case-made for appeal does not automatically extend the time within which to file the appeal."

See also, Swink v. State, 64 Okl.Cr. 466, 82 P.2d 316.

In misdemeanor cases the appeal must be perfected within Sixty (60) days after the Judgment is rendered, unless the trial court or Judge, for good cause shown, extends the time within the limits prescribed by statute.

Where no order is made extending the time within which an appeal in a misdemeanor case may be taken, and the appeal is not lodged in this Court within Sixty (60) days after the rendition of Judgment, this Court has no jurisdiction to entertain the appeal and the same will be dismissed. See, Holly v. State, 16 Okl.Cr. 164, 181 P. 518; Wilson v. State, 24 Okl.Cr. 268, 217 P. 1057; Brady v. State, 59 Okl.Cr. 58, 56 P.2d 428.

For the reason assigned, the Motion of the Attorney General is sustained and the purported appeal herein is dismissed.

Appeal dismissed.

JOHNSON, P. J., and NIX, J., concur.