Bernard GERSHON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13755.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1966.

Rehearing Denied Feb. 14, 1966.

Raymond Burger, Oklahoma City, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Bernard Gershon, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Obtaining Money by Means of a False and Bogus Check. He was tried by a jury, found guilty, and sentenced to One Year and One Day in the Penitentiary, and to pay a fine of $300.00. From that judgment and sentence he attempts to appeal to this Court.

The state has filed a Motion to Dismiss alleging the casemade was filed in this Court after the time for taking an appeal had expired, or within a valid extension thereof.

 Title 22 Okl.St.Ann. § 1054, in effect at the time of this judgment, states:

"\* \* \* In felony cases the appeal must be taken within three (3) months after the judgment is rendered: Provided, however, in felony cases the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment."

The date of judgment and sentence in this cause was February 4, 1965. Appeal was due to be lodged in this court within Ninety days, or by May 4, 1965. Several extensions of time to make, settle, and serve casemade were granted, but none extending the statutory time to appeal. This Court held in the case of O'Donnell v. State, Okl.Cr., 397 P.2d 916:

"An order extending time to make and serve casemade for appeal does not automatically extend time within which to file appeal."

See, also, Chase v. State, Okl.Cr., 378 P.2d 779.

"Failure to file appeal in appellate court within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by this section."

Nard v. State, Okl.Cr., 412 P.2d 489, opinion of December 8, 1965, and cases cited therein.

In the back of this casemade, as in the Nard case, supra, the trial judge entered

and signed on August 2, 1965, a certificate attempting to state the time in which to file appeal in this Court.

 This Court stated that this certificate is a civil form, and has no bearing in a criminal case. Any extension of time must be made by proper order of the trial judge *within the time prescribed by law:* In this case, before May 4, 1965.

Any attempt of the trial court to extend the time for filing the petition in error and casemade in this Court after the expiration of statutory ninety days is void; and where said petition in error and casemade are filed in this Court in compliance with an extra "certificate", signed by the trial judge after the time for appeal has expired, the appeal will be dismissed.

 It is, therefore, the order of the Court of Criminal Appeals that the Motion to Dismiss by the State is sustained, and the attempted appeal is dismissed.