Margaret ABBOTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14256.

Court of Criminal Appeals of Oklahoma.

June 21, 1967.

Jess Horn, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in error, Margaret Abbott, plead guilty to the crime of Conducting A Gambling Game, case #1698, in the District Court of Woodward County and received a sentence of Two Years in the penitentiary, to run concurrent with cases #1693 and #1694. She attempted to withdraw her plea, and enter a plea of not guilty. This was overruled, and she has perfected her appeal to this Court.

 From the record, it appears that judgment and sentence was rendered on September 15, 1966. The Court Reporter finished the transcript on October 18, 1966. It was not presented to the county attorney for signing until December 7, 1966. The trial judge signed it on December 8, 1966— yet the transcript was not filed in this Court until March 28, 1967. Under Title 22, Okl. St.Ann. § 1054 (1965), defendant had Six (6) months from the date of judgment and sentence to perfect and file her appeal in this Court. Six months from September 15, 1966 would have made March 15, 1967 the last day that the appeal could have been filed in this Court. We stated in the case of Masters v. State, Okl.Cr., 408 P.2d 801 (1965) that:

"While an appeal may be taken by defendant as a matter of right from a judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing manner in which an appeal can be taken is mandatory."

Defendant had sufficient time from December 8, 1966 to file said case within the time prescribed by law, or by March 15, 1967.

This Court has repeatedly stated, as in the case of Gershon v. State, Okl.Cr., 410 P.2d 563:

"Failure to file appeal within time allowed by law is fatal to appeal, and Court of Criminal Appeals has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by law."

It is, therefore, the opinion of this Court that the judgment and sentence be affirmed, and the attempted appeal dismissed.

BUSSEY and BRETT, JJ., concur.

Jess Horn, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.