## NEAL TEAGUE v. STATE.

No. A-2287. Opinion Filed March 10, 1917.

Rehearing Denied April 10, 1917.

(163 Pac. 954.)

1. **INDICTMENT AND INFORMATION—Sufficiency.** An information is sufficient, if it pleads every element essential to charge the crime pleaded, in plain, concise, and intelligible language, and apprises the defendant in an intelligible way of precisely what he must be prepared to meet.

2. **TRIAL—Instructions.** A court is not required to charge the jury upon a theory entirely foreign to and different from. the theory of the defendant in the case on trial.

3. **TRIAL—Demurrer to Evidence.** Where there is any competent evidence reasonably tending to sustain the allegations of the information. the court should not sustain a demurrer to the evidence.

4. **APPEAL AND ERROR—Harmless Error—Admission of Evidence.** The admission of incompetent and immaterial evidence, as to a fact already admitted by the defendant. will be deemed harmless.

5. **PERJURY—Evidence—Testimony in Former Case.** Where a person charged with perjury objects to the introduction of a transcript of his testimony in a former case, upon which the charge of perjury is based. upon the ground that the transcript shows that in certain parts of his testimony he was interrupted, and his answers to certain questions were incomplete, **held,** that where the transcript shows no interruptions in that part of his testimony which is material and upon which the charge of perjury is based, it is immaterial that he was not allowed to answer fully some questions entirely foreign to the matter upon which the charge of perjury is based. But if the transcript had shown that the answers upon which the charge of perjury was based were incomplete. and that it might have put the defendant in a different light. had he been allowed to complete the answers, then there would be merit in the objection.

*Error from, District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Neal Teague was convicted of perjury, and he brings error. Affirmed.

*Kyle & McCombs,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

BRETT, J. The plaintiff in error, Neal Teague, who will be referred to as defendant as he appeared in the lower court, was convicted of perjury, and sentenced to five years in the penitentiary.

The material facts are that the defendant sold a piece of real estate near Sallisaw to one Wallace Tweedy for $1,300, Tweedy paying him $1,000 cash, and giving a note and mortgage on the real estate for $300, the balance of the purchase price. Before maturity Tweedy paid this $300 note with two mules, valued at $275, and a pony, valued at $50, making a total of $325, which satisfied the face of the $300 note and the accrued interest. At the time of this settlement the defendant stated his wife had the note, and was away from home. He later made similar excuses for his failure to turn over the note and release the mortgage. At maturity Tweedy was notified by a bank in Sallisaw that it was then holder and owner of the note, and was also advised that the bank had purchased the note before maturity, and without notice. And to avoid foreclosure proceedings Tweedy paid the note, and obtained a release of the mortgage. He then sued the defendant in the county court for $327.50, the amount paid the bank in satisfaction of the note. At the trial of that suit in the county court the defendant, Teague, testified that he only received $675 in money from Tweedy, and that the two mules and the pony were taken in settlement of the balance of the $1,000 cash payment, and that the $300 note was justly due at the time Tweedy settled it. This prosecution is

based upon the testimony of the defendant, Teague, in the county court; the state charging that in truth and in fact Tweedy paid the defendant $1,000 in cash, and that the defendant willfully, knowingly, and corruptly swore that he received only $675 in cash.

The evidence of the state in support of this charge is that Tweedy and the defendant, Teague, went to the store of John H. Morgan in Sallisaw the day they made the trade, and Tweedy handed Mr. Morgan a number of bills in greenback, tied up in separate rolls, and asked him to count out $1,000 and give it to the defendant, Teague, and Morgan, and his son, Harry; and Tweedy, all testify positively that there was $100 in bills in each of these rolls, and that Morgan counted ten of these rolls, and turned them over to Teague, and that the amount paid to Teague was $1,000 cash in greenback, while Teague swore with equal positiveness in this case that the amount he received at Morgan's store in money was only $675.

1. The defendant complains, first, because the court refused to sustain a demurrer to the information. But we have carefully examined the information, and do not agree with this contention. It is true the pleader might have used other language, and perhaps most pleaders would have been more verbose; but the information pleads every element essential to charge perjury in plain, concise, and intelligible language; and there can be no doubt that it apprised the defendant in a most intelligible way of precisely what he must be prepared to meet. And in *Deen v. State*, 7 Okla. Cr. 150, 122 Pac. 941, Judge Doyle, speaking for the court, said:

"An information is sufficient which states the facts clearly and distinctly, in ordinary and concise language, without repetition, and which, construed under the ordi-

nary rules of construction of the English language, would enable a person of common understanding to know what was meant, and to apprise the defendant of the exact nature of the offense with which he was charged, although the same does not contain all the phraseology and technical language ordinarily used in criminal pleading."

And in *State v. Feeback*, 3 Okla. Cr. 508, 107 Pac. 442, it is said:

"The true test of the sufficiency of an indictment is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for the same offense, whether the record shows with accuracy to what extent he may plead his former acquittal or conviction."

Again, in *Star v. State*, 9 Okla. Cr. 210, 131 Pac. 542, it is said:

"An indictment is sufficient if the offense charged therein is clearly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended thereby."

And, tested by this plain common sense rule, rather than by some prolix and antiquated form, the information is sufficient:

2. Counsel next complain of instruction No. 6, which defines the crime of perjury. But this instruction is an exact copy of the statutory definition of perjury; and, among other things, tells the jury that:

"If a witness states any material matter, which he knows to be false, he is guilty of perjury."

And the criticism that this instruction should have gone further and told the jury that swearing rashly and inconsiderately according to the witness' belief would not constitute perjury is not well taken in this case, for the reason that there is no claim or pretense in this case on the part of the defendant that he swore rashly or inconsiderately; he does not even claim that he might have been mistaken, but he rests his defense squarely and solely on the proposition that the oath made by him in the county court was true.   Then the only question for the jury to determine was whether or not the oath, as charged by the state, was false, and if so, was it known by the defendant.to be false at the time he made it.

There are other instructions complained of, but the objections raised we think are entirely without merit.

3.   The defendant next insists that his demurrer to the evidence, interposed at the conclusion of the state's testimony, and his motion for directed verdict, at the conclusion of all the evidence, should have been sustained, because the evidence failed to prove that the defendant had been sworn before giving his testimony in the county court.   But the record shows there was some evidence which would justify a jury in finding that the defendant had been.sworn before giving the testimony in question. Several witnesses for the state testified that the defendant was a witness in his own behalf in the county court, and the minutes of the clerk of the county court were introduced in evidence, and show, among other things, that in the case of Wallace Tweedy et al. v. Neal Teague, No. 421, both plaintiff and defendant were present in person, and by attorneys, and both announced ready for trial; that a jury was impaneled, and the "witnesses called, sworn and examined."   While the state as a matter

of precaution, perhaps, should have introduced more evidence on this point, yet, in view of the fact that the state showed the defendant was present, and was a witness in his own behalf, and that the witnesses in the case were called, sworn, and examined, it cannot be said there was no evidence to go to the jury on that question. It was purely a question of fact, to be determined by the jury, as to whether or not the defendant had been sworn before giving the testimony in question, and where there is any competent evidence tending to sustain the allegations of the information, the court should not sustain a demurrer to the evidence.

4.  The next contention is "that the trial court erred in permitting the verdict in the case of Tweedy v. Teague, to be read in evidence," citing *Gray v. State*, 4 Okla. Cr. 292, 111 Pac. 825, 32 L. R. A. (N. S.) 142, in support of this assignment. In *Gray v. State, supra,* one witness testified as to the result of the trial of the case in which the plaintiff in error, Gray, was charged to have committed perjury. And in passing upon that fact, which was assigned as error, Judge Richardson,- speaking for the court, said:

"No objection was made to this question or answer, nor was any request made to the trial court for an instruction limiting the effect of this testimony. The question and answer were both incompetent; but as plaintiff in error did not see fit to object to the same, and inasmuch as she requested of the court no instruction limiting the purpose for which the testimony could be considered, she is not now in a position to complain that the court did not give such instruction."

In the case at bar, however, the defendant did object to the reading of the verdict in Tweedy v. Teague, but the court permitted it to be read as part of the minutes

of the clerk of the county court.  After it had been read counsel for defendant said:

"I don't know whether the court meant to admit the verdict or not.  If it is the court's idea that that verdict is immaterial for admission here in this case, I want to ask the court to withdraw from the consideration of the jury that part of the record in which the witness read the verdict."

To which the court replied:

"All I let that in for was for the purpose of showing the case was tried that day.  I think the jury understood it."

But counsel for defendant had, prior to the reading of the verdict, stated that they were willing "to admit that there was a verdict rendered on that day, and that the case was disposed of on that date," and this admission should have satisfied both the court and the jury on that question.  But since counsel admitted that fact, and since the court did what counsel requested, withdrew the verdict from the consideration of the jury, except for the purpose of showing a verdict was returned on that date, thus limiting its effect to that one purpose, if the admission of this evidence was error, its effect was to only establish a fact already admitted by the defendant, and its admission for that purpose will be deemed harmless.

5.    Counsel next complain because the court permitted the state to introduce in evidence the transcript of the testimony of Neal Teague, taken at the trial of Tweedy v. Teague in the county court, basing their objection on the fact that the transcript shows that in certain parts of the testimony the witness was interrupted, and his answers to certain questions were incomplete.

But the record shows no interruptions in that part of his testimony which is material and upon which this charge of perjury is based. Besides, in the trial of this perjury case, the defendant reiterated the same testimony, and insisted that it was true. He did not claim that he did not make the statements as shown by the transcript upon which this charge of perjury is based, or that the transcript was inaccurate as to those statements; and it was immaterial that he was not allowed to answer fully some question entirely foreign to the issue in this case. If the transcript had shown that the answers, upon which this charge of perjury was based, were incomplete, and that it might have put the defendant in a different light had he been allowed to complete the answers, then there would be merit in the contention. But under the record, there is no merit in the contention.

Finding no prejudicial error, the judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.