## W. R. SHERRILL et al. v. STATE.

No. 6621. Opinion Filed May 11, 1929.
(277 Pac. 288.)

R. Place Montgomery, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were convicted on a charge of pointing a deadly weapon at another, and each sentenced to pay a fine of $50 and to be confined in the county jail for a period of three months. Motion for new trial was filed and overruled, and the record perfected, and case appealed to this court.

The testimony on behalf of the state, in substance, shows that a controversy arose between the defendant Basal Sherrill and the prosecuting witness, J. A. Grieser, over a partition fence between the land the defendant Basal Sherrill had rented from the prosecuting witness, and the lands the prosecuting witness owned and occupied. At the time of the alleged trouble it appears that the prosecuting witness, J. A. Grieser, was taking down and removing the partition fence, and the defendant, Basal Sherrill objected, contending he had rented the land and the fence being removed was along the line of the land he rented and in his rental contract there was nothing said about the fence being removed during his crop season.

The testimony further shows that the defendant Basal Sherrill and his father went to where the prosecuting witness, Grieser, was taking down and removing the fence, and a controversy arose and words passed between the parties, and that defendant Basal Sherrill had with him a 12-gauge single-barrel shotgun; that, while the controversy was going on and words passed between the parties, Basal Sherrill pointed the gun at the prosecuting witness, Grieser, the other defendant W. R. Sherrill being present with Basal Sherrill. This is, in substance, the testimony on behalf of the state.

The defendant, Basal Sherrill, testified, in substance, that he had been to his father's place, and, when he came back home, he found Mr. Grieser tearing down the partition fence; that he went down and asked him to quit; and he said, "By God, it was his fence and he would move it when he pleased." There had been no agreement that the fence should be moved. "I don't remember what he said; I turned and started to the house and he said, 'What are you running off for, no use being a coward.' I had the shotgun; he came on the east side of the fence he was moving; I took the shotgun with me; I thought Mr. Grieser would hit me with the hammer; at the time I pointed the gun at Mr. Grieser he was on the land I had rented; the first thing I heard when I got to where Mr. Grieser was, he said to Rudolph, 'Go to the house and phone. I have one of the boys in jail and he would put the other two there'." The defendant Basal Sherrill admitted he had the shotgun over there with him, and that they had talked back and forth, and that he pointed the gun at the prosecuting witness.

The defendant W. R. Sherrill testified that, when he went with Basal Sherrill to where Mr. Grieser was tearing down the fence, Basal said, "Didn't I tell you I didn't want this fence moved." And he said, "Ha, ha, when did you own this place; by God it is going to be moved anyway." Basal said, "You heard what I said." And Mr. Grieser said, "What are you going to do, put down your gun and come out like a man." Mr. Grieser had a claw hammer in his hand, and, when he told Basal to put his gun down, he was on the west side of the fence; when he took hold of this wire like he was going to work, Basal made as though he was going to point the gun at him; he did not point the gun at him, but the old man jumped right over the fence, back to the other side; then the boy

walked back to the house. This is, in substance, the testimony that was introduced in the case.

The defendants assigned several errors alleged to have been committed by the trial court: The verdict of the jury and judgment of the court is contrary to the law; that the verdict is contrary to the evidence; that the court erred in overruling the demurrer to the evidence of the state; the court erred in overruling defendants' motion for a new trial.

This prosecution is based on section 1999, Comp. Stat. 1921, providing:

"It shall be unlawful for any person to point any pistol or any other deadly weapon, either loaded or not, at any person or persons, either in anger or otherwise."

The defendants in this case attempt to justify the action of the defendant Basal Sherrill by the fact that he had rented the land from the prosecuting witness, and the prosecuting witness was removing the fence along the line of the land defendant had rented, and that there was nothing in the rental contract with reference to the removing of the fence before defendant's contract expired.

This court, in the case of Dickinson v. State, 3 Okla. Cr. 151, 104 Pac. 923, held that a person did not have the right to use a dangerous or deadly weapon on another for the purpose of preventing a trespass upon land, and, in the body of the opinion, quoted with approval from Clark on Criminal Law, as follows:

"A person may resist a trespass on his property, real or personal, not amounting to a felony, or removal or destruction of property not feloniously attempted, by the use of any reasonable force, short of taking or endangering life; but, if he is unable to prevent it, and there is no felony attempted, he must suffer the trespass and the loss of

property, and seek redress at the hands of the law, rather than commit homicide."

It is urged by the defendant that the evidence is insufficient to sustain the judgment. This court, in the case of Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954, held:

"Where there is any competent evidence, reasonably tending to sustain the allegations of the information, the court should not sustain a demurrer to the evidence."

After a careful reading of the record in this case, we hold that the court did not err in overruling defendant Basal Sherrill's demurrer to said evidence; that the testimony was sufficient to sustain the judgment against him. We hold further, that the demurrer of the defendant W. R. Sherrill should have been sustained; there being no competent evidence to sustain the judgment against him.

In McLaughlin v. State, 18 Okla. Cr. 137, 193 Pac. 1010, this court held:

"Where there is absolutely no evidence proving his guilt, it is the duty of the court to instruct the jury to find the defendant not guilty."

There are other errors assigned by the defendants, but in the view we take of this record it is not necessary to consider them. The judgment of the trial court as to the defendant Basal Sherrill is affirmed; and, as to the defendant, W. R. Sherrill, the judgment is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.