## GAYLORD HARTMAN v. STATE.

No. A-7328.   Opinion Filed March 6, 1931.
Rehearing Denied March 28, 1931.
((296 Pac. 999.)

Tom Payne, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of seduction, and sentenced to the reformatory at Granite for a term of five years at hard labor, and to pay the cost of the prosecution. From which judgment the defendant has appealed to this court.

It is not deemed necessary to set out in full the testimony in this case. The testimony on behalf of the state shows that the prosecutrix, Dorothy Rose Marks, was introduced to the defendant, Gaylord Hartman, during the year 1925. They became sweethearts and were engaged to be married. The prosecuting witness testifies that the defendant appealed to her, and, under promise of marriage, had sexual intercourse with her; that later they were estranged and were not together for several months; in 1927 they were together again, and in February, 1927, they had intercourse, as the result of which she gave birth to a child. Considerable testimony was introduced as to the contemplated marriage between the defendant and the prosecuting witness, which tends to show that the defendant was about 17 years of age at the time of the engage-

ment to the prosecutrix; that his mother and father would not give their consent to their marriage. There is no dispute as to their going together, nor is there any dispute as to their becoming engaged in the fall of the year 1925. The prosecutrix testified positively to an agreement to marry, and that she yielded to the persuasions of the defendant after their engagement solely and only on his promise of marriage. The defendant denies he at any time had sexual intercourse with the prosecutrix, and called several men and boys and attempted to show misconduct of the prosecutrix with other parties. A careful reading and study of the testimony of some of the boys who testified against the prosecutrix shows an absence of knowledge about which they testify, and their testimony is vague and uncertain and given after direct questioning.

The prosecutrix testified that she had not had intercourse with any other man but the defendant, and that the defendant was the father of her child. This is the substance of the testimony.

The defendant has assigned 20 errors alleged to have been committed by the court in the trial of his case. The first assignment is that the court erred in overruling defendant's demurrer to the information. The information sufficiently charged the defendant with the crime of seduction, and the state had the right to prove the commission of the crime within three years from the filing of the charge against the defendant. The information charged that the crime was committed on the................day of February, 1927; the information was filed August 27, 1927. 35 Cyc. 1341, says:

"The fact that an indictment for seduction fails to allege the exact time of the commission of the offense within the period of limitations does not render the indictment

insufficient, since time is not a material ingredient of the offense."

That part of the information that it is deemed necessary to cite is as follows:

"That the said Gaylord Hartman, at and in the above named county and state, did on the.............day of February, 1927, unlawfully, willfully and feloniously, under the promise of marriage seduce and have sexual intercourse with one Dorothy Rose Marks, an unmarried female of previous chaste character, not then and there the wife of the said Gaylord Hartman."

While the information does not give the date in February that it is alleged the seduction took place, it does charge that it was in February, 1927. The prosecutrix testifies that the defendant first had intercourse with her at Mrs. Cummings' home in July, 1925. In Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552, in the third paragraph of the syllabus, the court said:

"An information which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient."

The information in this case sufficiently pleads every element essential to charge the crime of seduction, and this court has repeatedly held that, where this is done, the information is sufficient. Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954.

It cannot be successfully argued that the defendant in this case did not know he was charged in the month of February, 1927, with the crime of seduction under a promise of marriage. The information charges sufficient facts,

and the court did not err in overruling the demurrer of the defendant.

The defendant further complains that, when the regular panel of jurors was exhausted, the court ordered the bailiff to call six jurors from the audience in the courtroom, to which order of the court the defendant excepted.

Section 3518, C. O. S. 1921, provides for the manner of summoning talesmen and special venires. In this case there is no showing that the rights of the defendant were injured by reason of the order of the court directing the bailiff to summon the six jurors from the bystanders, and, in the absence of any specific showing that the rights of the defendant were injured, we hold that the court ordering the six talesmen summoned from these bystanders was not an error possessing merit sufficient to warrant a reversal.

It is next contended that the testimony is insufficient to sustain the crime of seduction. The defendant cites a number of authorities to sustain his position. The defendant argues that he cannot reach the conclusion that there was an absolute unconditional promise of marriage. The testimony of the prosecutrix in this case shows a promise of marriage, and not only was there a promise of marriage, but she made preparations to get married by buying her clothes. The mother of the defendant was called in and the question of the marriage discussed. The mother protested on the ground that her son was too young to get married. The testimony on the question of a promise of marriage and cohabitation is conflicting; the testimony on the part of the state being positive as to what promises were made and under what circumstances cohabitation took place; on behalf of the defendant that he had not had intercourse with the prosecutrix. There was also an at-

tempt made by the defendant to show that the character and reputation of the prosecutrix was bad, and that she had been guilty of improper relations with other men. The books are full of such offers, made when a man is charged with having violated his promise and has been brought before the bar of the court to answer for his failure to carry out his promises to marry the girl, where defendants seek to break down the character and reputation of the prosecutrix. Courts do not look with favor upon such actions; yet it is a right the defendant has if he is not guilty to show by all competent evidence that he did not make the promise and was not guilty as charged by the prosecutrix. In this case the conflict in the testimony as to the guilt or innocence of the defendant was a question for the jury to determine, and, as disclosed by the record, the jury, after hearing all the testimony, found it was sufficient to convict the defendant. Where there is any competent testimony to go to the jury, this court will not disturb its finding.

It is next contended by the defendant that the instructions of the court did not correctly state the law as applied to the facts in this case, and that the defendant was deprived of certain testimony which was material to his case. We have carefully read the record and studied the instructions of the court. While some of the instructions are not models, yet, when taken in their entirety, they correctly stated the law as applied to the facts in the case.

We further find there is no merit in the contention of the defendant that the court excluded testimony material to his defense. The exclusion of the testimony complained of did not prejudice the rights of the defendant to such an extent as would warrant this court in reversing this case.

The real question in this case, to be determined on all the facts contained in the record, is, Did the defendant have sexual intercourse with the prosecutrix under a promise of marriage within three years prior to the date of filing of the charge in this case? If he did, he was guilty, and that controversy under the proper instructions of the court and the evidence contained in the record has been settled by the jury.

The judgment is affirmed.

CHAPPELL and EDWARDS , JJ., concur.