Joe C. PHILLIPS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15607.

Court of Criminal Appeals of Oklahoma.

April 7, 1971.

H. Corky Bishop and Stewart A. Pearce II, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

This is an appeal from the District Court of Washington County, Oklahoma. Plaintiff in error, Joe C. Phillips, hereinafter referred to as defendant, was tried by a jury, found guilty of the offense of Assault and Battery Upon a Police Officer, and was sentenced to serve four (4) months in the County Jail and pay a fine of One Hundred ($100.00) Dollars.

The State alleged that defendant assaulted Police Officer James C. Brunson on July 10, 1969. The facts briefly stated are: About 7:00 A.M. on the morning of July 10th, defendant's wife, Mrs. Phillips, went to her landlady's house directly behind the Phillips' house, and asked her to call the police making reference to a disturbance being caused there. Mrs. Phillips remained there for about five minutes and went back home. The landlady called the police and reported a disturbance at 712 East 11th Street, as requested by defendant's wife.

One patrol car, assisted by a motorcycle officer, responded to the radio dispatch. Officer McIntosh, the Motorcycle Officer and the Patrol Car Officer Nix, went on defendant's porch and knocked on the door; when defendant came to the door they asked what the problem was. Defendant replied that there was no problem. Officer McIntosh returned to his motorcycle to verify the dispatch; and Officer Nix left the porch, but while he was near defendant's front door, defendant yelled out to him: "* * * if you come in my house I'll kill you." Officer Nix went to the motorcycle, where Officer McIntosh was verifying the radio dispatch and said to him: "* * * we want to watch him, he just threatened to kill us." When the two officers approached the house again, defendant came out onto the front porch with a shotgun; he pumped it as if loading it, raised it to his shoulder and pointed it at one and then the other officer. The two officers radioed for support and waited. Defendant then went back into his

house. Very shortly Officer Brunson came to their assistance.

Officer Brunson approached the door to confront the defendant and called for him to come and talk. The defendant came to the door; he denied that he had a gun and said: "* * * you sons a bitches get off my property." Officer Brunson forced his way into defendant's house after which a scuffle occurred. Officer McIntosh found the unloaded shotgun and defendant was handcuffed and taken to the County Jail. In the process of delivering defendant to the jail, defendant was profane and at different times belligerent. When they reached the jailer's office another fight occurred, when defendant struck Officer Brunson three times; after which defendant was struck twice in order to subdue him. Later, defendant was treated at the County Hospital. The three officers testified concerning the entire incident.

Defendant offered no testimony but demurred to the State's evidence. In his argument to the jury, defense counsel argued that defendant had a perfect right to resist the officers in his own home, insofar as no misdemeanor had been committed in the officer's presence, because the officers did not have a warrant for his arrest, and asserted that the officers were trespassers.

Defendant's first proposition asserts that a peace officer may not make an arrest for a misdemeanor committed outside his presence without first procuring a warrant for the arrest of the accused. This proposition states, in part, essentially what 22 O.S.1961, § 196 provides. Admittedly no misdemeanor had been committed in the presence of either of the officers, when they first approached defendant's home. However, under the circumstances the officers had a duty, as well as a right, to approach defendant's front door in response to the radio dispatch. The officers properly withdrew from defendant's porch in an effort to verify the address to which they had been dispatched, when defendant yelled his threat loud enough for Officer Nix to hear. Still no misdemeanor had been committed in the presence of the officers; nor were the officers trespassers on defendant's property, as defense counsel argued to the jury.

However, when the defendant came out on his front porch and pointed his shotgun at one officer, and then at the other officer, He Committed A Misdemeanor In The Presence Of The Officers. Title 21, O.S. 1961, § 1279, provides:

"It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise."

See also: Sherrill et al. v. State, 43 Okl. Cr. 36, 277 P. 288, (1929).

Defendant's second proposition complaining about the District Attorney's closing argument is without merit, as is his third proposition contending that the officers were trespassers on defendant's property.

Once defendant committed the misdemeanor in the presence of the officers, they had the right to enter and arrest the defendant in his own home. Thereafter, the assault and battery committed upon the officers was illegal, for which defendant is subject to proper punishment.

Therefore, having considered the record before this Court and finding no error sufficient to disturb the verdict of the jury, it is ordered that the judgment and sentence shall be

Affirmed.

Judgment and Sentence in the District Court of Washington County, Oklahoma, case No. CR–69–366 (M) Affirmed.

BUSSEY, P. J., concurs.