GEORGE W. FORTNER v. STATE.

No. A-625.   Opinion Filed May 9, 1911.

(115 Pac. 378.)

APPEAL—Case-Made—Papers Attached After Settlement.  Any papers attached to a case-made after it has been settled and signed by the judge who tried said cause, and which attempt to state any matters which occurred subsequent to the settling and signing of the case-made, do not constitute any part of the case-made, and will not be considered by the appellate court for any purpose whatever.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

George W. Fortner was convicted of a violation of the prohibitory law, and appeals.   Dismissed.

*J. M. Frame,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.   At the time of his conviction appellant was given 30 days in which to prepare and serve a case-made, and 60 days within which to file a petition in error in the Criminal Court of Appeals.   The case-made was served on the 11th day of December, 1909.   The case-made was settled and signed by the county judge on the 24th day of December, 1909.

5 Cr.—39.

Attached to the case-made is what purports to be an order, dated January 12, 1910, which attempts to extend the time for a period of 30 days to prepare and serve a case-made and to file a petition in error and transcript in the Criminal Court of Appeals. There is also another purported order, dated the 10th day of February, 1910, granting an additional extension of 15 days for filing a petition in error in said cause in this court. Neither of these purported orders are signed by the judge, or attested by the clerk of the county court of Canadian county, as required by law. They do not constitute any part of the case-made in this cause, and cannot be considered for any purpose whatever.

The petition in error was filed in this case on the 26th day of February, 1910, which was long after the 60 days granted by the court within which the appeal should be perfected. This court never has acquired jurisdiction of this case, and it is therefore dismissed.

ARMSTRONG and DOYLE, JUDGES, concur.