MURRAY BYERS v. STATE.

No. A-680.    Opinion Filed September 5, 1911.

Appeal from Greer County Court; Jarrett Todd, Judge.

PER CURIAM. On the 27th day of November, 1911, judgment was pronounced against appellant for violating the prohibitory liquor law, and he was sentenced to pay a fine of $50 and to be confined in the county jail for a period of 30 days. At the time of the rendition of the judgment appellant was allowed by the court 60 days time within which to perfect his appeal to this court. The case-made contains a stipulation signed on the 27th day of December, 1909, by the county attorney and counsel for appellant, in which it is stated that it contains a true and correct copy of all the records, judgments and journal entries in said case. The case-made was signed and certified by the county judge on the 3rd day of January, 1910, and his signature is duly attested by the clerk of said court and verified by the seal of said court. Attached to the case-made but below the signature of the county judge is what purports to be an order extending the time within which appellant might perfect his appeal to the 27th day of March, 1910. This constitutes no part of the case-made and cannot be considered by us. See **Fortner v. State**, 5 Okla. Cr. 609. Appellant did not perfect his appeal until the 26th day of March, 1910. As this was after the time allowed by the trial court within which the appellant should perfect his appeal, we have no jurisdiction of the case and the appeal is therefore dismissed.

---

MILLIE CARR v. STATE.

No. A-1048.    Opinion Filed September 5, 1911.

Appeal from Canadian County Court; H. L. Fogg, Judge.

PER CURIAM. Appellant was convicted for a violation of the prohibitory liquor law and her punishment was assessed at a fine of $50 and 30 days imprisonment in the county jail. Since perfecting her appeal in this cause, appellant through her counsel, has filed a motion stating that she no longer desires to prosecute this appeal, and requesting that said appeal be dismissed, which motion is by the court sustained and the appeal in this case is hereby dismissed, with directions to the clerk to issue the mandate forthwith.