## FRANK DANNA v. STATE.

No. A-3065.    Opinion Filed May 20, 1919.

(180 Pac. 869.)

APPEAL AND ERROR—Perfection of Appeal—Extension of Time—Misdemeanor Cases. In misdemeanor cases the appeal must be perfected within 60 days after the judgment is rendered, unless the trial court or judge, for good cause shown, extends the time within the limits prescribed by section 5991, Rev. Laws 1910. Where no order is made extending the time within which an appeal in misdemeanor cases may be taken and the appeal is not lodged in this court within 60 days after the rendition of judgment, this court has no jurisdiction to entertain the appeal, and the same will be dismissed.

*Appeal from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Frank Danna was convicted of a violation of the prohibitory liquor law, and he appeals. Appeal dismissed and cause remanded, with direction to enforce judgment.

*M. W. Gross,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. Plaintiff in error, Frank Danna, was convicted in the county court of Choctaw county of the crime of unlawfully conveying intoxicating liquors from one point in said county to another point therein, and his punishment fixed at imprisonment in the county jail

for a period of six months and to pay a fine of $500 and the costs of the action.

To reverse this judgment, an appeal was attempted to be made by filing in this court on the 5th day of July, 1917, a petition in error with case-made attached. The judgment of conviction was rendered on the 20th day of April, 1917.

Section 5991, Revised Laws 1910, provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may. for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

A careful examination of the case-made fails to disclose that the trial court or judge made any order extending the time in which to perfect the appeal beyond the statutory period of 60 days. This court has uniformly held that the appeal must be perfected within the time prescribed by the statute where no order extending such time has been made; otherwise, this court does not acquire jurisdiction to review the judgment. *Krivanek v. State,* 11 Okla. Cr. 172, 144 Pac. 188.

For the reasons stated, the purported appeal is dismissed, and the cause remanded to the trial court, with directions to enforce its judgment.

DOYLE, P. J., and ARMSTRONG, J., concur.