### J. H. WILSON v. STATE.
No. A-4112.    Opinion Filed Aug. 25, 1923.
(217 Pac. 1057.)

(Syllabus.)

1.    **Appeal and Error—Case-Made—Papers Attached After Settlement Stating Subsequent Matters not Considered on Appeal.** Any papers attached to a case-made after it has been settled and signed by the judge who tried said cause, and which attempt to state any matters which occurred subsequently to the settling and signing of the case-made, do not constitute any part of the case-made, and will not be considered by the appellate court for any purpose whatever.

2.    **Same—Time for Appeal not Extended by Order Extending Time to Serve Case-Made.** An order extending the time to serve a case-made does not automatically extend the time within which to file the appeal.

3.    **Same—Order Extending Time—When Notice to Adverse Party Necessary.** While the trial court may from time to time make proper orders for making and serving the case or for filing the proceeding in error in the appellate court, it may not do so after the time fixed in the previous order or the time allowed by statute, unless notice is given to the adverse party.

**4.    Same—Appeal in Misdemeanor Cases not Lodged Within Statutory Time Dismissed.** In misdemeanor cases, the appeal must be perfected within 60 days after the judgment is rendered, unless the trial court or judge, for good cause shown, extends the time within the limits prescribed by section 2808, Comp. St. 1921. Where no order is made extending the time within which an appeal in misdemeanor cases may be taken, and the appeal is not lodged in this court within 60 days after the rendition of judgment, this court has no jurisdiction to entertain the appeal, and the same will be dismissed.

Appeal from County Court, Creek County; H. S. Williams, Judge.

J. H. Wilson was convicted of the unlawful possession of intoxicating liquor, and he appeals. Appeal dismissed.

Wallace & Wallace, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an attempted appeal from a judgment of conviction rendered in the county court of Creek county on the 2d day of August, 1921, for the offense of unlawful possession of intoxicating liquor, with punishment assessed at a fine of $500 and imprisonment in the county jail for six months. Petition in error and case-made were filed in this court on the 31st day of October, 1921.

The Attorney General has filed a motion to dismiss this appeal, which said motion is as follows:

"Now comes George F. Short, duly qualified and acting Attorney General of the state of Oklahoma, and moves the court to dismiss the appeal filed herein for the reason that the record herein discloses that the judgment and sentence of the court was rendered on the 2d day of August, 1921, and this appeal filed in the office of the clerk of this court on October 31, 1921, more than sixty days after the date of the judgment and sentence, and there appears to have been no order of court extend-

ing the time in which said appeal might be filed; said appeal being an appeal from the judgment of the county court of Creek county, wherein the plaintiff in error was convicted of having unlawful possession of intoxicating liquor; all of which is

"Respectfully submitted,

"George F. Short, Attorney General.

"N. W. Gore, Assistant Attorney General.

"Attorneys for Defendant in Error."

At the time of rendering judgment, the trial court allowed the defendant 30 days in which to make and serve a case-made and 60 days in which to file his petition in error and case-made in the Criminal Court of Appeals. The case-made was served upon the county attorney of Creek County on the 31st day of August, 1921, within the time allowed by the trial court. The case-made was signed and settled on the 30th day of September, 1921. Attached to the case-made and after the final settlement thereof and below the signature of the trial judge settling the same is what purports to be an order dated October 1, 1921, which attempts to extend the time for serving the case-made 30 days from that date, but makes no attempt to extend the time for filing the petition in error and case-made in this court. Such purported order is nullity. Fortner v. State, 5 Okla. Cr. 609, 115 Pac. 378; Byers v. State, 6 Okla. Cr. 623, 117 Pac. 653.

Further it will be noted from the following opinions that a valid order extending the time to serve a case-made does not automatically extend the time within which to file the appeal; so that, if such purported order were valid, it would not have the effect of extending the time within which to file the appeal. Holly v. State, 16 Okla. Cr. 164, 181 Pac. 518; Pinchback v. State, 14 Okla. Cr. 302, 170 Pac. 714.

Again, while the trial court may from time to time make proper orders extending the time for making and serving the case or the filing of the proceedings in error, it may not do so after the expiration of the time fixed in the previous order or the time allowed by statute unless notice is given to the adverse party. In this case no notice was served upon the adverse party of any application to the trial court to extend the time for filing the appeal in this court beyond the 60 days first allowed, and there is no showing in said order that good cause existed for such extension. Section 789, Comp. Stats. 1921; State v. Coyle, 11 Okla. Cr. 637, 150 Pac. 80.

Furthermore, it appears that the case-made was served in this case on the 31st day of August, 1921, and that the same was signed and settled on the 30th day of September, 1921. The time for filing the appeal under the original order expired on and with October 1, 1921. It is apparent that counsel for plaintiff in error had ample time to file the petition in error and case-made in this court within the 60 days, had ordinary diligence been used.

This court has repeatedly held:

"In misdemeanor cases the appeal must be perfected within 60 days after the judgment is rendered, unless the trial court or judge, for good cause shown, extends the time within the limits prescribed by (section 2808, Comp. Stats. 1921). Where no order is made extending the time within which an appeal in misdemeanor cases may be taken and the appeal is not lodged in this court within 60 days after the rendition of judgment, this court has no jurisdiction to entertain the appeal, and the same will be dismissed." Danna v. State, 16 Okla. Cr. 114, 180 Pac. 869; Gunter v. State, 13 Okla. Cr. 83, 162 Pac. 231; Hampton v. State, 13 Okla. Cr. 85, 162 Pac. 237; Rhodes v. State, 13 Okla. Cr. 86, 162 Pac. 230.

For the reason that the appeal was not lodged in this court within 60 days after the rendition of the judgment, and that no proper order extending the time within which to take the appeal was made by the trial court, the appeal is dismissed, and the cause remanded to the trial court.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.