## BESSIE MORRIS v. STATE.

No. A-8512.   May 19, 1933.
(22 Pac. [2d] 403.)

P. G. Fullerton and John P. Fullerton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county of the unlawful possession of intoxicating liquor, and her punishment fixed by the court at a fine of $50 and imprisonment in the county jail for a period of 30 days.

Judgment was rendered on the 15th day of October, 1932.   The appeal was filed in this court on the 19th day of January, 1933.

It appears from the record that at the time judgment was pronounced the court allowed the defendant 60 days to make and serve case-made, three days to suggest amendments thereto, and the case to be signed and settled upon three days' notice by either party, and that the defendant was allowed 60 days from October 15, 1932, in which to file her petition in error in the Criminal Court of Appeals.

It further appears that on the 12th day of December, 1932, on motion of defendant, the court gave her 40 days additional time to make and serve case-made, but made no order extending the time to file the appeal in this court. The court clerk certified the case-made on the 14th day of December, 1932, and the trial judge signed and settled the same on the 15th day of December, 1932. The case-made was filed in the office of the court clerk on the 14th day of January, 1933, but was not served upon the county attorney until the 18th day of January, 1933.

The Attorney General has filed a motion to dismiss the appeal for the reason that the case-made was not served on the county attorney within the time prescribed by the court and the appeal was not filed in this court until the 19th day of January, 1933, 36 days after the time fixed by the court for perfecting an appeal in this case.

This court has repeatedly held that an appeal in a misdemeanor case under the statute must be lodged in the Criminal Court of Appeals within 60 days after the rendition of the judgment appealed from, unless a proper order is made by the trial court extending the time within which the appeal may be lodged in this court, such extension not to exceed an additional 60 days. Carroll v. State, 24 Okla. Cr. 289, 217 Pac. 900; Smoot v. State, 24 Okla. Cr. 368, 217 Pac. 1059; Phillips v. State, 50 Okla. Cr. 26, 295 Pac. 395; Mann v. State, 51 Okla. Cr. 6, 299 Pac. 237.

This court has also held that an order extending the time within which to make and serve case-made does not automatically extend the time within which an appeal may be taken. Holly v. State, 16 Okla. Cr. 164, 181 Pac. 518; Wilson v. State, 24 Okla. Cr. 268, 217 Pac. 1057; Mann v. State, supra; Pippin v. State, 52 Okla. Cr. 333,

4 Pac. (2d) 1076; Shackelford v. State, 53 Okla. 324, 11 Pac. (2d) 768.

The case-made was not served on the county attorney until January 18, 1933, more than 30 days after it had been signed and settled by the trial judge. The signing and settling of the case-made by the trial judge before the same was served on the county attorney was not only contrary to the order of the court, but in violation of such order, and for that reason also the case-made is not properly before this court.

It further appears from the record that the case-made was filed in the office of the court clerk on the 14th day of January, 1933, and withdrawn for filing in this court four days before the same was served on the county attorney.

Upon consideration of the whole record, the motion of the Attorney General is sustained and the appeal dismissed.

EDWARDS, P. J., and DAVENPORT, J., concur.