## JOE T. McKINSEY v. STATE.

No. A-9813. April 23, 1941.
(112 P. 2d 1112.)

60

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Gen., and Nelson Crow, Co. Atty., of Watonga, for the State.

Glen O. Morris, of Oklahoma City, for defendant.

BAREFOOT, P. J. Defendant, Joe T. McKinsey, was charged in the county court of Blaine county with the crime of defrauding a hotelkeeper, which is a misdemeanor; was tried, convicted and sentenced to pay a fine of $100, and he has appealed.

A motion has been filed by the state to dismiss the appeal. It was filed on April 9, 1940, and the same was properly served on the 9th day of April, 1940. No response to this motion has been filed. It is claimed the appeal should be dismissed for the reason:

"That the judgment and sentence of the trial court was rendered on the 22nd day of November, 1939, and this appeal was filed in the office of the clerk of this court on February 12, 1940, more than 60 days after the date of the judgment and sentence, and there was no order of the trial court extending the time in which said appeal might be filed."

It is contended, this being an appeal from conviction of a misdemeanor, that the same must be taken within 60 days after the judgment is rendered and that the order of the trial court which extended the time for preparing

and serving the case-made did not extend the time for perfecting an appeal.

Oklahoma Statutes 1931, section 3192, O. S. A. title 22, section 1054, provides in part as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. * * *"

We are citing the following cases from this court which has heretofore construed this statute: Stumpf v. State, 6 Okla. Cr. 159, 117 P. 648; Wilson v. State, 24 Okla. Cr. 268, 217 P. 1057; Pippin v. State, 52 Okla. Cr. 333, 4 P. 2d 1076. These cases are directly in point and hold that an order extending the time to make and serve case-made does not automatically extend the time to file the appeal.

We are not in sympathy with a construction of a statute which technically prevents a defendant from having a hearing upon the merits of his case after an appeal to this court. But counsel for defendant have made no attempt to brief this case, although the same was filed here on the 12th day of February, 1940.

The rule having been established by the previous decisions of this court and many times followed, it is ordered that the appeal in this case be dismissed.

JONES, J., concurs. DOYLE, J., absent.