## YOES v. STATE.

No. A-11058. Nov. 9, 1949.

(211 P. 2d 1022.)

152

Wade Arends, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. George Elvis Yoes was charged in the court of common pleas of Oklahoma county with the offense of illegal possession of intoxicating liquor, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The information charges the defendant with the possession of 14 pints of whisky on Ocotober 21, 1947.

Defendant filed a motion to suppress the evidence, which was by the court overruled. On his trial before a jury, he was convicted. Motion for new trial was filed and overruled on December 20, 1947. Thereupon the court sentenced the defendant to pay a fine of $50, and to serve a term of 30 days in the county jail of Oklahoma county, in accordance with the verdict of the jury.

On April 23, 1948, an appeal from the judgment was taken by filing in this court a petition in error with casemade and proper proof of notices. No briefs have been filed, and no appearance for oral argument made.

Where the defendant appeals from a judgment of conviction and no brief in support of the petition in error is submitted, and no appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record for jurisdictional errors. If no fundamental error appears, the judgment will be affirmed. Epps v. State, 69 Okla. Cr. 460, 104 P. 2d 262; Hice v. State, 81 Okla. Cr. 240, 162 P. 2d 880; Skaggs v. State, 84 Okla. Cr. 443, 184 P. 2d 121, and cases cited.

We have examined the record and find that the information is sufficient to charge the offense of possession of intoxicating liquors. No exceptions were taken to any of the instructions given. The evidence is amply sufficient to sustain the judgment and sentence. On the record before us, we have discovered no error which would warrant a reversal of the judgment, and it appears that the defendant was accorded a fair and impartial trial.

The judgment of the court of common pleas of Oklahoma county is affirmed.

JONES, P. J., and BRETT, J., concur.