# LEWIS v. STATE.

No. A-11042.  Nov. 23, 1949.

(212 P. 2d 148.)

Thad L. Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Charles Lewis, was charged in the court of common pleas of Oklahoma county with the crime of contributing to the delinquency of a minor, was tried, convicted, and sentenced to serve six months in the county jail and pay a fine of $200.

Two assignments of error are presented: First, the court erred in refusing to admit competent evidence which affected the material rights of defendant; second, the verdict was excessive and contrary to evidence.

The first assignment is directed to the testimony of Fred Wright, a witness who was called to testify on behalf of defendant. This witness was asked, "Fred, have they ever lied to you?" To which an objection was sustained. He was then asked, "Would you believe either one of them on oath?" To which objection was made but overruled, and the witness answered, "Yes, I would." The interrogation of the witness was directed, evidently, to the character of the prosecuting witness and her mother who testified against the defendant. Most of the testimony of this witness was incompetent. However, the court after insistence by counsel for defendant did allow the witness to answer many questions which were asked by counsel for defendant. The witness was favorable to the state and his answers did not aid the defense. The court would have been justified in sustaining the county attorney's objection to all the testimony sought to be elicited from the witness in the form in which the questions were asked. However, since he ultimately allowed the witness to answer all the questions, the defendant has no right to complain.

The proof showed that the defendant had picked up the minor child, a negro girl, 14 years of age, on her way to school and had driven around with her for an hour or so; that on subsequent occasions he again picked up the minor and had sexual intercourse with her. At one time, he took her to a rooming house and there had sexual relations with her in a room which the defendant rented for that purpose.

The acts by the defendant clearly bring him under the provisions of the statute making it a crime to contribute to the delinquency of a minor child. 21 O. S. 1941 § 856. Wallin v. State, 84 Okla. Cr. 194, 182 P. 2d 788; McGowan v. State, 83 Okla. Cr. 310, 173 P. 2d 227.

The defendant is fortunate that he was charged with a misdemeanor instead of the more serious felony of rape.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BRETT and POWELL, JJ., concur.