## COFER v. STATE.

No. A-11485. Aug. 1, 1951.

Rehearing Denied Sept. 19, 1951.

(234 P. 2d 959.)

Jack L. Spivey, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Russell Gilbert Cofer, as defendant, was charged in the court of common pleas of Oklahoma county with the crime of operating a motor vehicle without a driver's license, and while his license was cancelled after former conviction of operating a motor vehicle without a driver's license and while his license was cancelled. The court assessed a fine of $150, and sentenced defendant to serve a term of 45 days in the Oklahoma county jail. Tit. 47 O. S. Supp. § 303 (2).

No briefs have been filed. One was due to be filed by defendant October 9, 1950. Under the rules of this court, where no briefs are filed nor appearance for oral argument is made, the record will be searched for fundamental error only, and if none is found the judgment will be affirmed.

The record disclosed that under date of November 13, 1949, the Commissioner of Public Safety entered an order revoking defendant's driver's license for a period of one year by reason of conviction in the common pleas court on a charge of violating Tit. 47, O. S. 1941 § 295, subsection 2, date of conviction being May 12, 1948. On May 6, 1949, this order was revoked on account of error of the clerk of said court, but it was provided that the document did not serve as a driver's license. On August 24, 1949, the Commissioner of Public Safety denied an application of defendant for a driver's license by reason of Tit. 47 O. S. 1941, § 276, subsection 7, as amended by H. B. 316. Defendant had no Oklahoma driver's license on February 17, 1950, when he was arrested on the present charge. He had a driver's license issued by the State of Texas, and was driving a 1949 Chevrolet with a Louisiana tag. By Tit. 47, O. S. Supp. § 299, it is provided that persons whose license has been suspended or revoked are not to operate under foreign license.

It was stipulated between the state and counsel for defendant that the records in the court of common pleas of Oklahoma county would show that on December 21, 1949, in cases Nos. 11280, 11514, 11547, and 11610, the defendant pleaded guilty in each of said cases of the charge of operating a vehicle without a license, and paid a fine of $50 in each case.

We have searched the record for fundamental error, and none is found.

The judgment is affirmed.

BRETT, P. J., and JONES, J., concur.