## THOMAS v. STATE.

No. A-11625. March 19, 1952.

Rehearing Denied May 14, 1952.

(243 P. 2d 1016.)

Andrews & Stipe, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. In this case the uncontradicted evidence was that the defendant sold one-half pint of whiskey to an alcoholic, as alleged in the information. There were three witnesses: a deputy sheriff, a minister of the Gospel who was pastor of the Church where the alcoholic had been recently converted, and a lay member. The minister and layman were visiting in the room of the back-sliding member trying to help him in throwing off the liquor habit, and trying to comfort him, when the defendant came up to make the sale. They hid in the bath room with the door partly open. They did not connive with the alcoholic to cause the purchase.

The purchaser of the whiskey was called as a witness. He did not want to identify the defendant, and he did not want to be placed in a bad light with his Church, so the usual evasive answers.

The case was tried to a jury in the county court of Pittsburg county. The defendant offered no evidence. A penalty of $100 and 30 days in the county jail was assessed. Appeal was lodged in this court on August 4, 1951, and in time. Briefs were due 60 days thereafter, but to date none have been filed. The case was on January 3, 1952, set for oral argument for February 13, 1952, but no one appeared. Apparently defendant merely sought to put off the day of reckoning. The record discloses that he received a fair trial. He has had his day in court. See Yoes v. State, 90 Okla. Cr. 151, 211 P. 2d 1022; Cofer v. State, 94 Okla. Cr. 284, 234 P. 2d 959.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.

On Rehearing.

PER CURIAM. The plaintiff in error, Carl Thomas, filed his petition for rehearing herein, together with brief in support thereof. The court has carefully re-considered the case on the merits, as well as the brief filed by plaintiff in error, and finds no reason therein to justify the court in modifying the opinion rendered herein on March 19, 1952.

The petition for rehearing is therefore denied, and the clerk of this court is ordered and directed to let the mandate issue forthwith.