## McLEAN v. STATE.

No. A-11534. April 9, 1952.

Motion to Reconsider Overruled May 14, 1952.

(244 P. 2d 335.)

S. S. Lawrence, Tulsa, for plaintiff in error.

Mac Q. Wililamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

. POWELL, J. Hertha Tomia McLean was on October 19, 1950, convicted after trial before a jury in the municipal criminal court of the city of Tulsa, Tulsa county, Oklahoma, of the crime of operating a motor vehicle while under the influence of intoxicating liquor, and was assessed a fine of $50.

On October 23, 1950, judgment was pronounced, but no extension of time to perfect appeal to this court was granted by the trial court. On January 19, 1951, petition in error and case-made were filed in this court. A brief in support of petition in error was due 60 days thereafter, but was not filed until September 19, 1951, five months out of time, and the case was subject to affirmance for such reason, where no fundamental error is present. Skaggs v. State, 84 Okla. Cr. 443, 184 P. 2d 121; Cofer v. State, 94 Okla. Cr. 284, 234 P. 2d·959.

On November 30, 1951, instead of filing an answer brief, the Attorney General filed herein a motion to dismiss appeal, setting out as ground that in accordance with the provision of Tit. 22 O. S. 1941 § 1054, the plaintiff in error had 60 days from and after the 23d day of October, 1950, in which to perfect appeal to the Criminal Court of Appeals (unless extension of time had been obtained), and that said 60 day period expired on December 22, 1950, without appeal having been perfected. It was not attempted to be perfected until January 19, 1951, as stated. The Attorney General therefore insists that this court has acquired no jurisdiction to consider this appeal, and that the attempted appeal should be dismissed. Cited in support of this position are holdings of this court in McKinsey v. State, 72 Okla. Cr. 59, 112 P. 2d 1112; Haygood v. State, 87 Okla. Cr. 41, 194 P. 2d 210; and Loving v. State, 87 Okla. Cr. 150, 196 P. 2d 519. In the latter case this court stated:

"When an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute (22 O. S. 1941 § 1054), the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed.

"A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeal on its merits when it is not taken within the time prescribed by statute."

Counsel for the defendant has filed a response to the state's motion to dismiss in which he asserts that the authorities cited by the state in support of its motion have no application to the case at bar for the reason that "said decisions were a construction of the law as then existing prior to the passage of the act of 1949. (Chap. 15 of Tit. 12 O. S. L. 1949.)" That is to say, defendant argues that section 972 of Title 12 enacted by the Legislature in 1949 repealed section 1054 of Title 22 O. S. 1941, and abolished the distinction between the time for effecting an appeal in felony and misdemeanor cases, and that he had three months from the entry of judgment in which to perfect appeal, and that he might have obtained an extension of time not exceeding three months additional.

Chapter 18 of Title 22 O. S. 1951 has to do with appeals to the Criminal Court of Appeals. Section 1054 (R. L. 1910 § 5991; Laws 1909 p. 470; C. S. 1921 § 2808; St. 1031 § 3192) provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

Section 1060 of the Act (Tit. 22 O. S. 1951; R. L. 1910, §.5997) reads:

"Instead of the appeal hereinbefore provided for any party desiring to appeal to the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in 'Procedure, Civil,' [Tit. 12, Civil Procedure] and the summons in error shall be served upon the Attorney-General, unless the same is waived as in other cases. Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

By reason of section 1060, above, defendant contends that appeals in criminal cases shall be governed by the same rules as are appeals in civil cases, *as to time for perfecting appeals.*

Chapter 15 of Tit. 12 O. S. L. 1949 (§ 972 O. S. 1951), under Civil Procedure, reads:

"Section 1. Time for Proceedings to Reverse, Vacate or Modify Judgments or Orders. 12 O. S. 1941 § 972 be and the same is hereby amended to read as follows:

"§ 972. All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within three (3) months from the rendition of the judgment or final order complained of; provided, however, that the trial Court may in its discretion extend period of time not to exceed six (6) months.

"Provided, that in case the person entitled to such proceedings, be an infant, a person of unsound mind or imprisoned, such person shall have three (3) months, exclusive of the time [of] such disability, to commence proceedings.

"Section 2. Repealing Clause. All laws and parts of laws in conflict herewith are hereby repealed."

Paragraph 1054 of Title 22 O. S. 1941 is not mentioned. If section 2 of the 1949 Act above quoted repealed § 1054, above, then it does so only by implication.

The effect of the holding of this court in Harrigill v. State, 90 Okla. Cr. 347, 214 P. 2d 263, is that whether an Act of the Legislature repeals a prior act is a matter of legislative intent, and that before there can be a repeal by implication, it is necessary for the two acts to be inconsistent,. incompatible and conflicting to the extent that they may not stand together.

The question for determination, then, is whether or not in view of Section 2 of the 1949 Act, there is a conflict between the 1949 Act and § 1054 of Tit. 22 O. S. 1941.

In the case of Reynolds v. Reynolds, 94 Okla. 114, 221 P. 109, the Supreme Court of Oklahoma had for consideration the question of whether or not a special statute controlling appeals in divorce cases (§ 4971, Rev. Laws 1910) was repealed by a later act of the Legislature controlling appeals in general (Ch. 219 S. L. 1917). The subsequent general act had a general repealing clause, much the same as the general repealing clause in the within case. The court in the Reynolds case held:

"That part of section 4971, Rev. Laws 1910 (510, Comp. Stat. 1921), which provides that a party desiring to appeal from a judgment granting a divorce must, within 10 days after such judgment is rendered, file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, was not repealed by chapter 219, Session Laws 1917."

In the body of the opinion in the Reynolds case, the court said:

"It is contended by plaintiff in error that section 4971, Rev. L. 1910 (section 510, Comp. Stat. 1921), which requires notice of appeal to be filed with the clerk of the court, was repealed by the act of 1917, and that the only notice required is that provided for in the last-named act. We are unable to reach that conclusion. Section 4971 is a special statute relating to divorce actions only. The 1917 act is a general statute governing appeals in all cases. *A general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together.* Ex parte Crow Dog, 109 U. S. 556, 3 S. Ct. 396, 27 L. Ed. 1030; Goodson v. United States, 7 Okla. 117, 54 P. 423. *In this case the two sections relate to different subjects and are not inconsistent.*" (Italics supplied.)

In Gordon v. Conner, Sheriff, 183 Okla. 82, 80 P. 2d 322, 118 A. L. R. 783, the Supreme Court held:

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general."

See also Pfister v. Johnson, 173 Okla. 541, 49 P. 2d 174, 102 A. L. R. 31; Kuchler v. Weaver, 23 Okla. 420, 100 P. 915, 18 Ann. Cas. 462.

50 Am. Jur., "Statutes", § 564, is in part as follows:

" * * * Hence, it is a canon of statutory construction that a later statute general in its terms and not expressly repealing a prior special or specific statute, will be considered as not intended to affect the special or specific provisions of the earlier statute, unless the intention to effect the repeal is *clearly* manifest or unavoidably implied by the irreconcilability of the continued operation of both, or unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the legislature contemplated and intended a repeal. Unless there is a plain indication of an intent that the general act shall repeal the special act, the special act will continue to have effect, and the general words with which it conflicts will be restrained and modified accord-

ingly, so that the two are to be deemed to stand together, one as the general law of the land, and the other as the law of the particular case."

And § 520 (50 Am. Jur. "Statutes") is as follows:

"Statutes frequently contain a provision repealing all acts and parts of acts on a designated subject, or all acts and parts of acts inconsistent or in conflict with the provisions thereof. Although a general provision in an act to the effect that all acts or parts of acts inconsistent or in conflict therewith are repealed, has been regarded as useful in preventing doubt as to the legislative intent, and as a strong implication, or an express recognition of the fact, that there may be acts or parts of acts on the same subject which are not thereby repealed, *such a provision ordinarily operates only as a declaration of what would be the legal effect of the act without the provision.* The provision does not permit to be engrafted on this express declaration of legislative intent an implication of more extensive repeal. Where an act, which is not a complete law within itself covering the whole subject, contains a provision to the effect that all laws and parts of laws inconsistent or in conflict therewith are repealed, the repeal extends to conflicting statutes and provisions only; all laws and parts of laws not in conflict therewith are left in full force and effect. A statute which is not wholly inconsistent with the new act continues in force except in so far as it conflicts therewith. However, where the subsequent act covers the whole subject, omitted substantive portions characterizing the earlier act, have been regarded as inconsistent with the later act so as to be within the general repealing provisions." (Italics added.)

It is apparent at once from examination, that the 1949 act is a statute referring solely to appeals in civil cases to the Supreme Court, while § 1054 is a statute controlling appeals in criminal cases to the Criminal Court of Appeals. The acts apply to two different subjects and ordinarily may stand together, each with full force and effect. Section 1060 refers to the *manner* in which an appeal may be taken (by case-made and petition in error, or by transcript of the proceedings of record) and does not refer to the *time* within which an appeal may be taken.

The history of our civil and criminal procedural statutes discloses that since statehood Oklahoma (and the Territory prior thereto) has had a statute prescribing the *time* within which appeals might be taken in civil cases and a separate statute prescribing the time within which appeals might be taken in criminal cases. Did the 1949 Legislature intend to combine the procedural methods as to time for perfecting appeals in civil and criminal cases? A comparison of the statutes, § 972 of Tit. 12 O. S. 1941, prior to and after amendment shows that the only changes made in the statute was to substitute three months for six months in the first sentence of § 972 and to add to the sentence "provided, however, that the trial Court may in its discretion extend period of time not to exceed six (6) months." Then in the second paragraph three months was substituted for six months. It shortened the time which certain persons under disability might have after removal of disability in which to perfect appeal.

Attention is also directed to the fact that at the time of adoption of the 1949 Act heretofore referred to, a similar bill (Senate Bill 314) was introduced in the Legislature reducing the time in which appeals could be taken in criminal cases. This bill was passed by the Senate, but died in the House committee. It thus appears that the Legislature did not intend to change the existing law relating to the time for taking appeals in criminal cases. There have been a number of such bills introduced in the past to shorten the time for appeals in criminal cases, but we do not discover from the legislative records where there has ever been an effort made to enact legislation to extend the time, which would be the effect of the subject for interpretation.

It is clear that § 972 applies to civil cases insofar as applying to persons under disability is concerned, because so far as criminal cases are concerned we

276

have special statutory provisions applying to infants, Tit. 10 O. S. 1951 §§ 101-12; Ex parte Lewis, 85 Okla. Cr. 322, 188 P. 2d 367, and insane persons, Tit. 22 O. S. 1951 §§ 1161-1170; Berwick v. State, 94 Okla. Cr. 5, 229 P. 2d 604, and cases cited.

In a certain case, of course, where a person is unable to supply an appeal bond, he is sent on to the penitentiary, Ex parte Williams, 63 Okla. Cr. 395, 75 P. 2d 904, to await the outcome of his appeal. If § 972 applies, he would have as much as three months after being able to make bond in which to perfect his appeal, or he might serve his time and then appeal perhaps to settle a point of law. It would be absurd to conclude that the Legislature intended any such result, and impels us to avoid any such presumption. And in the place of speeding up appeals, which was the manifest objective of the Legislature with reference to civil appeals, § 972 would have the effect, if applicable to appeals in misdemeanor cases to this court, of prolonging the time for appeal, and would afford opportunity for considerable additional delay.

We conclude that the amendment of § 972 of Tit. 12 O. S. 1941, Chap. 15 of Tit. 12 O. S. L. 1949, did not change the time for perfecting appeals in criminal cases; that § 1060 of Tit. 22 O. S. 1951 refers to the *manner* in which an appeal may be taken and does not refer to the *time* within which an appeal may be taken; that § 972 as amended, applies to civil cases only, and is not inconsistent with Tit. 22 O. S. 1941 § 1054, and did not repeal the same, and said statute remains in full force and effect, and we adhere to our holding in Loving v. State, supra, and conclude that it is as fully applicable since the amendment of § 972 by the 1949 Legislature as prior to such amendment.

For the reasons stated, it is our conclusion that the appeal in the within case was not perfected within the time designated by law, that this court has acquired no jurisdiction to consider such appeal and that, therefore, the motion to dismiss should be and the same hereby is sustained.

BRETT, P. J., and JONES, J., concur.