Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, Judge.

This is an action in habeas corpus instituted by C. R. Beam to secure his release from imprisonment in the county jail by the sheriff of Ellis County at Arnett, where he is being confined pursuant to an extradition warrant issued by the Governor of Oklahoma directing that he be extradited to the State of Kansas to answer a charge of an alleged felony there pending against him in Franklin County.

The petitioner contends that the prosecution in the State of Kansas for uttering a false and bogus check was in bad faith and for the sole purpose of trying to collect a debt.

 In Ex parte Scott, 91 Okl.Cr. 345, 219 P.2d 249, this court held:

"To be a 'fugitive from justice' within the meaning of the federal law dealing with extradition, it is sufficient that person legally charged in demanding state with commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made.

"Under provisions of the Uniform Criminal Extradition Act, House Bill No. 37, approved by Governor on March 25, 1949, 22 O.S.Supp. § 1141.1 et seq., the courts of Oklahoma may not inquire into the guilt or innocence of person seeking release from custody under extradition warrant or make any inquiry into the motives or purposes of the prosecution.

"Where extradition papers required by statute are in proper form and extradition warrant has been issued by the Governor, the only evidence admissible on habeas corpus to secure release from custody under the warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was allegedly committed, or that the person sought to be extradited is not actually the person charged with the crime in the demanding state."

See also Ex parte Birch, 89 Okl.Cr. 417, 209 P.2d 510; and Ex parte Bledsoe, Okl. Cr.App., 227 P.2d 680.

Under the above decisions this court refused to hear evidence which questioned the motives of the prosecution. The proof introduced at the hearing showed that petitioner was in the State of Kansas at the time of the commission of the alleged offense and did execute the check in question. If petitioner had wished to question the good faith of the prosecution he should have done so at the hearing before the Governor prior to the issuance of the Governor's warrant. After the extradition warrant was issued by the Governor, under the provisions of the Uniform Criminal Extradition Act, 22 O.S.1951 § 1141 et seq., the legislature has forbidden an inquiry by the courts of Oklahoma into the motives or purposes of the prosecution in the demanding state.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.

### CRAWFORD v. STATE.

### No. A–11624.

Criminal Court of Appeals of Oklahoma.

Dec. 24, 1952.

David W. Taylor, Norman, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and James P. Garrett, Ass't Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

The plaintiff in error Oscar Melvin Crawford, defendant below, was charged by information in the county court of Cleveland County, Oklahoma, with the offense of driving a motor vehicle on U. S. Highway No. 62 within said county while under the influence of intoxicating liquor. The offense was alleged to have been committed on or about March 29, 1950. The case came on for trial; the defendant waived a jury and the case was tried to the court and the defendant found guilty; his punishment fixed at a $100 fine, and judgment and sentence was entered accordingly, from which this appeal has been perfected.

To said appeal the state of Oklahoma filed its motion to dismiss, said motion being predicated upon the following allegations of fact. The judgment and sentence herein was entered on March 16, 1951. Motion for new trial was filed on March 19, 1951, and overruled on April 5, 1951. Thereafter on June 4, 1951 an extension of 60 days was granted by the trial court to make and serve a case-made. It further appears that said appeal was lodged in this court on August 3, 1951, which was 140 days from and after the date of judgment and sentence herein.

Under the provisions of Title 22 O.S.1951 § 1054, appeals in misdemeanor cases must be taken within 60 days after the judgment is rendered; provided, however, that the trial court or judge may for good cause shown extend the time in which such appeal may be taken not exceeding 60 days, or said appeal must be lodged within this court within not to exceed 120 days, as extended. Upon failure of the defendant to so perfect his appeal, this court acquires

no jurisdiction to consider the appeal. Such has been the repeated holding of this court. Linde v. State, 83 Okl.Cr. 365, 177 P.2d 527. To the same effect is Haygood v. State, 87 Okl.Cr. 41, 194 P.2d 210; Loving v. State, 87 Okl.Cr. 150, 196 P.2d 519; McKinsey v. State, 72 Okl.Cr. 59, 112 P.2d 1112; Roller v. State, Okl.Cr.App., 240 P. 2d 112.

It is to be observed in this case that the defendant filed his motion for new trial after judgment and sentence had been entered. In the Linde case supra, we held that the filing of a motion for new trial after judgment is rendered, does not extend the time in which the appeal may be lodged in this court; and that under the provisions of Title 22 O.S.1951 § 953, an application for new trial must be made before judgment is entered. In Wyatt v. State, 81 Okl. Cr. 248, 162 P.2d 884, this court held that an appeal must be filed within the time allowed by law, after the judgment is rendered and not from the date of the order denying the motion for new trial.

It clearly appears that the within action was not lodged in this court within the time allowed by law. The attempted appeal is therefore dismissed.

JONES and POWELL, JJ., concur.