**Willie O. BALLARD, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12671.**

Criminal Court of Appeals of Oklahoma.

March 11, 1959.

Ben Huey, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Willie O. Ballard, plaintiff in error, hereinafter referred to as the defendant, was charged in the county court of Cleveland County with the crime of operating a motor vehicle while under the influence of intoxicating liquor. He was tried before a jury and found guilty and the punishment left to the trial judge, who, on the 17th of June, 1958, sentenced the defendant to pay a fine of $150 and to serve

10 days in the county jail. A motion for a new trial was overruled on June 19, 1958. The defendant lodged his appeal in this court on September 29, 1958.

 To said appeal the attorney general filed a motion to dismiss for the reason that the statutory time for appeal had expired before the filing of defendant's petition in error. In support of said motion to dismiss the attorney general relies upon Title 22 O.S.A. § 1054:

"In misdemeanor cases the appeal must be taken within sixty (60) days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty (60) days. In felony cases the appeal must be taken within six (6) months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

The record reflects that judgment and sentence was rendered on June 17, 1958, and on June 19, 1958, the defendant was given 45 days in which to prepare and serve casemade; 10 days in which to suggest amendments and 5 days to settle casemade. No where in the record is there an order extending time in which to appeal.

This court has consistently held that unless the appeal is lodged within the time prescribed by statute that it is without jurisdiction to consider the case upon its merits. It was said in the case of Nowlin v. State, Okl.Cr., 308 P.2d 668:

"Criminal Court of Appeals is without jurisdiction to entertain an appeal unless it is filed within the time allowed by [Title 22 O.S.A. § 1054], or lawful extension thereof."

In the case of McLean v. State, 95 Okl.Cr. 271, 244 P.2d 335, 336, the court held:

"When an appeal in a misdemeanor case is not taken within 60 days prescribed by statute (Title 22 O.S. 1951, Par. 1054), the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

For the reasons herein stated it is our conclusion that the appeal in the within case was not perfected within the time prescribed by law, that this court has acquired no jurisdiction to consider such appeal and therefore, the motion to dismiss is hereby sustained.

POWELL, P. J., and BRETT, J., concur.