Lee John ROSS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12914.

Court of Criminal Appeals of Oklahoma.

Dec. 28, 1960.

Forney Sandlin, Harold Shoemake, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal from a judgment and sentence by Lee John Ross, plaintiff in error, defendant below, consisting of a $50 fine and confinement in the county jail for 10 days for the crime of driving an automobile while under the influence of intoxicating liquor, 47 O.S.A. § 93, as amended. The offense was allegedly committed in Muskogee, Oklahoma, on December 25, 1959, and the defendant was charged by information in the County Court of Muskogee, Oklahoma, on December 29, 1959. The case was tried by a jury and the defendant was convicted and judgment and sentence was left to the trial court. The judgment and sentence appealed from was made and entered on February 13, 1960. The defendant gave notice in open court of his intention to appeal from the judgment and sentence. The state has filed its motion to dismiss the appeal.

The basis for the motion is hereinafter set forth. The casemade was served on May 2, 1960, and settled on May 10, 1960. No extension of time was obtained for preparing, serving, signing, and settling of the case within 15 days after entry of the judgment, as allowed in 12 O.S.A. § 958, and 22 O.S.A. § 1059. The only order of extension of time was entered in the within case attempting to obtain additional time for perfecting the casemade and serving same for appeal, was on April 4, 1960, wherein, the defendant obtained an order of 30 days to serve the casemade. The judgment and sentence having been entered on February 12, 1960, the time for obtaining an extension of time for preparing, serving and settling the casemade expired on February 27, 1960. Any attempt to extend the span of its usefulness by an order after that date was a nullity. Cullens v. State, Okl.Cr., 325 P.2d 446.

Moreover, the appeal should have been lodged herein, within 60 days after the judgment and sentence on February 12, 1960, or a valid extension thereof granted by the trial court not in excess of an additional 60 days, 22 O.S.A. § 1054. No such extension was ever obtained and the appeal was lodged herein on June 1, 1960, 50 days beyond the time under the law for perfecting said appeal, on April 12, 1960. The attempted appeal not being within the time allowed by law is a nullity for this further reason. McLean v. State, 95 Okl.Cr. 271, 244 P.2d 335, and numerous other cases. The appeal is accordingly dismissed.

POWELL, P. J., and NIX, J., concur.