Donald Horace **HOLT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13851.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1966.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Donald Horace Holt, hereinafter referred to as the defendant, was charged in the district court of Cleveland County with the crime of burglary, second degree; was tried, convicted, sentenced to serve four years in the state penitentiary, and has appealed.

The record in this case was filed in this Court on November 1, 1965. The case was submitted for an opinion on December 14, 1965, after having been regularly set on the docket for oral argument. At that time no one appeared on behalf of the defendant, and no brief has been filed in support of defendant's assignments of error. No request has been made for an extension of time to file brief.

Rule 9 of this Court provides:

"When briefs are not filed, or when an appearance is not made, the cause will be submitted and examined for fundamental error only."

In Hogan v. State, 94 Okl.Cr. 170, 232 P. 2d 641, this Court said:

"It has been repeatedly held by this court that where the defendant appeals from a judgment and sentence, and no briefs are filed and no appearance made on behalf of the defendant at any time either before or after setting of the same for oral argument, this court will examine the record and the evidence and if no error prejudicial to the substantial rights of the defendant is apparent will affirm the judgment and sentence."

And see cases in support of this rule.

Where a defendant appeals from a judgment of conviction, and no brief in sup-

port of the petition in error is submitted, and no appearance for oral argument is made, we do not consider it the duty of this Court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This Court will examine the record for jurisdictional errors, and if no fundamental error appears, the judgment will be affirmed. Yoes v. State, 90 Okl.Cr. 151, 211 P.2d 1022, and cases cited.

■ We have examined the record, and find the information is sufficient to charge the offense of burglary in the second degree, and that the evidence is amply sufficient to sustain the judgment and sentence.

The defendant did not testify, as was his right to do.

■ In the motion for new trial, and also in the petition in error, defendant's contention No. 8 reads: "Error of the court in giving Instruction No. 1, which instruction was duly excepted to by the defense, and exception allowed. The giving of said instruction constitutes a separate error." We have examined the instruction, and are satisfied that defendant's contention of error is without merit.

There is nothing in the case made before us to indicate that the defendant at any time excepted to this, or any other of the instructions given by the court, except the statement contained in the motion for new trial, which was duly overruled.

■ We have held (Greenwood v. State, Okl.Cr. 381 P.2d 895) that attorneys have the duty of seeing that their records are properly prepared and verified in compliance with law, before filing them in the reviewing court; and further, that great weight will be given to the recitations of the minutes of the court proceedings as to what occurred (Jones v. State, Okl.Cr., 371 P.2d 738).

On the record before us we have discovered no error which would warrant a reversal of the judgment; and it appears that the defendant was accorded a fair and impartial trial.

The Judgment of the district court of Cleveland County is affirmed.

BUSSEY, P. J., and NIX, J., concur.