**Troy Walter BECK, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14140.**

Court of Criminal Appeals of Oklahoma.

March 1, 1967.

Jones & Jones, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The defendant, Troy Walter Beck, was charged in the district court of Tulsa County with the offense of contributing to the delinquency of a minor, second offense.

To this charge defendant entered a plea of guilty, and was sentenced to serve three months in the State Penitentiary, and pay a fine of $250, and the costs.

Appeal was perfected to this Court by the filing, on December 2, 1966 of a petition in error, with a transcript of the rec-ord attached. The record indicates that defendant was represented by counsel throughout his trial, including this appeal.

Title 22 Okl.St.Ann. § 977 provides that a transcript of the record shall contain, 1st, the indictment and a copy of the minutes of the plea or demurrer; 2nd, a copy of the minutes of the trial; 3rd, the charges given or refused, and the indorsements, if any, thereon; and, 4th, a copy of the judgment. The transcript before us contains a copy of the information, amended information, judgment and sentence, and a copy of the appearance docket. The record is certified by the court clerk of Tulsa County.

Under Rule 6 of this Court (22 O.S.A. chap. 18, appendix), defendant had thirty days in which to file a brief in support of his petition in error. No brief has been filed, nor written application made prior to the expiration of said time, for an extension. Rule 9 of the Court provides that when no counsel appears, and no briefs are filed, the Court will examine the pleadings, and the judgment and sentence, and if no prejudicial error appears, will affirm the case.

For reversal the defendant presents four assignments of error, in his petition in error, none of which has merit. He complains that the court erred in overruling the motion of plaintiff in error for new trial. If such motion was filed, it is not shown by the transcript.

He next states that the court erred in not rendering judgment for the defendant on the pleadings. The defendant entered a plea of guilty to the charge.

Defendant then complains, "Said court erred in sustaining the demurrer to the second ground of said defense set up in the answer." Neither the demurrer nor the answer is shown in the transcript.

Lastly, it is complained that the court erred in refusing and ruling out competent and legal evidence on the part of defendant. Since none of the evidence appears in the transcript, we are unable to pass on the rulings of the court.

The amended information clearly brings this defendant under the provisions of the statute making it a crime to contribute to the delinquency of a minor, and makes it a felony in a case of a second offense. 21 Okl.St.Ann. § 856; Wallin v. State, 84 Okl.Cr. 194, 182 P.2d 788; McGowan v. State, 83 Okl.Cr. 310, 173 P.2d 227, 176 P.2d 837; Lewis v. State, 90 Okl.Cr. 203, 212 P.2d 148.

In view of the strong presumption of legality attached to the judgment and sentence, regular on its face, this Court will not vacate such judgment in the absence of clear and convincing affirmative proof contesting the presumption. Such proof must convince the court beyond all doubt that the assertion set forth in the judgment and sentence, "that accused was advised of all of his constitutional rights", was false. That proof has not been provided in this case.

The judgment and sentence of the district court of Tulsa County is affirmed.

NIX, P. J., and BUSSEY, J., concur.