Samuel Andrew CRAWFORD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14564.

Court of Criminal Appeals of Oklahoma.

July 10, 1968.

Waldo E. Jones, II, Thomas Dee Frasier, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

The plaintiff in error, Samuel Andrew Crawford, hereinafter referred to as defendant, was charged in the district court of Tulsa County with the crime of rape in the first degree, after former convictions of felonies. He was tried before a jury of ten men and two women, who found him guilty as charged, and after hearing the second phase of the charge, fixed his punishment at not less than 60 years, nor more than 180 years in the state penitentiary.

The petition in error with casemade attached was filed in this Court on December 21, 1967, and under the rules of this Court brief was due to be filed by the defendant within thirty days thereafter. No brief has been filed.

We observe that this defendant had private counsel during his trial, and this attorney made application for casemade at the expense of the county, which was granted. There is nothing in the application to appeal in forma pauperis, seeking the casemade at the expense of the county, to indicate that his attorney at the trial would not appeal his case, and the appeal was properly filed. The petition in error is signed by the attorney who represented defendant in his trial, and by one other prominent attorney of Tulsa County.

■ No brief having been filed, and no application for an extension of time within which to file brief made, this case was submitted summarily on April 19, 1968, under rule 9 of this Court, which provides: "When briefs are not filed, or when an appearance is not made, the cause will be submitted and examined for fundamental errors only." The attorneys for the defendant were notified of this order. See Beck v. State, Okl.Cr., 424 P.2d 991; Crabb v. State, Okl.Cr., 425 P.2d 617; Washington v. State, Okl.Cr., 427 P.2d 115.

We have carefully read and considered this casemade. Prior to the trial, the attorney for defendant filed an application to have the defendant sent to the Eastern State Hospital for mental observation, and this was done. Defendant later asked for a continuance, and his application to be examined by a psychologist was granted. Defendant filed an application for the appointment of a special officer to serve subpoenas, and this also was granted.

The petition in error sets out five assignments of error:

"1. Error of the court in overruling the motion to quash, suppress and set aside the information, which was duly filed herein.

"2. Error of the court in overruling the defendant's motion to dismiss at the close of the State's evidence.

"3. Error of the court refusing to advise the jury to acquit the defendant herein.

"4. That the verdict is not sustained by sufficient and competent evidence, and is contrary to law.

"5. Errors of the law occurring at the trial and excepted to by the defendant."

■ We do not find in the casemade a motion to quash, suppress and set aside the information. We have examined the information, and find the same to be in proper form, and properly served, and that it pleads every element essential to the charge of rape in the first degree in plain, concise and intelligible language.

■ We find no merit in defendant's motion to dismiss at the close of the State's evidence. In Teague v. State, 13 Okl.Cr. 270, 163 P. 954, this Court said:

"Where there is any competent evidence tending to sustain the allegations of the information, the court should not sustain a demurrer to the evidence."

■ And the court properly refused to advise the jury to acquit this defendant. It has long been held by this Court that the trial courts of Oklahoma are limited in their power to interfere with the determination of issues of fact; and, where there are any facts from which the jury can legitimately deduce either of two con-

clusions, a motion to advise a verdict should always be denied, and this question of fact was properly submitted under the instructions given. No exceptions were taken to any of the instructions, and no additional instructions were requested. Baker v. State, 9 Okl.Cr. 47, 130 P. 524; Plemons v. State, 53 Okl.Cr. 263, 10 P.2d 285; Boling v. State, Okl.Cr., 341 P.2d 668.

We find no merit in defendant's contention that the verdict is not sustained by sufficient and competent evidence, and is contrary to law; or that there were errors of law occurring at the trial and excepted to by the defendant.

In Holt v. State, Okl.Cr., 410 P.2d 897, we said:

"Where a defendant appeals from a judgment of conviction, and no brief in support of the petition in error is submitted, and no appearance for oral argument is made, we do not consider it the duty of this Court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This Court will examine the record for jurisdictional errors, and if no fundamental error appears, the judgment will be affirmed. Yoes v. State, 90 Okl. Cr. 151, 211 P.2d 1022, and cases cited."

However, we have taken great care in our examination of this record, and find no fundamental error; nor do we find error, as contended in the petition in error. The defendant did not testify, as was his right to do.

The Court concludes that defendant was afforded a fair and impartial trial, and that defendant's contentions are inadequate to constitute reversible error. Therefore, it is the finding of this Court that the judgment and sentence of the district court of Tulsa County, which is within the maximum punishment provided by law for the offense proved, should be, and the same is hereby affirmed.

NIX, P. J., and BUSSEY, J., concur.