**John Turner SCOTT, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14935.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Charles Foor, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

John Turner Scott, Jr., plaintiff in error who will hereafter be referred to as defendant, was tried by a jury in the district court of McIntosh County on a charge of Murder, after former conviction of a felony, on a two-stage proceeding. The jury returned a verdict of guilty of the lesser included offense of Manslaughter in the Second Degree. At the second stage of the proceeding, the jury assessed defendant's punishment at ten years imprisonment. Judgment and sentence was passed by the court on 26th day of March 1968, after which defendant was permitted his freedom on bail.

Throughout the trial, defendant's counsel contended it was error for the

charge of murder to include the after former conviction provision. However, we conclude that the trial judge did not commit error when he overruled defendant's objection, for the reason that under such two-stage procedure, should the jury return a verdict of guilty of a lesser included offense, the after former conviction provision would be most pertinent. Also, insofar as this was a two-stage trial, defendant could not have been prejudiced by the second stage provision in that the jury was not apprised of the additional charge until after the first verdict of defendant's guilt was returned.

This appeal was filed in this Court on September 18, 1968, after which defendant was permitted to withdraw the casemade for a period of thirty days for the purpose of correcting the same. Thereafter defendant was granted two additional extensions of time in which to file his brief, and on January 6, 1969 this case was submitted for decision, without briefs.

 This Court provided in Washington v. State, Okl.Cr., 427 P.2d 115 (1967), as follows:

"Where defendant appeals from judgment of conviction, and no briefs are filed in support of petition in error, Court of Criminal Appeals will examine record only for fundamental error, and if none appears, judgment will be affirmed." Rules of Court of Criminal Appeals, Rules 6, 9, 22 O.S.Supp.1965, c. 18 Appendix. See also: Wheeler v. State, Okl. Cr., 437 P.2d 561; and Beck v. State, Okl.Cr., 424 P.2d 991.

We have examined the record filed in this case and find the information and all matters preceding the filing thereof to be sufficient; the rulings of the trial court were correct; the evidence was sufficient to sustain the verdict of the jury; the instructions were correct; and the two-stage proceeding on the charge as specified was correct; and the sentence imposed was within that provided by the State. We therefore find no fundamental error to have been committed by the trial court.

Therefore, having carefully examined the record in this case and finding no fundamental error, we are of the opinion the judgment and sentence of the trial court should be, and the same is therefore, affirmed.

BUSSEY, J., concurs.

NIX, J., concurs in part.

NIX, Judge: Dissents in syllabus 1, concurs in syllabus 2.

I herewith reiterate my stand on the question of charging a defendant with "after former conviction" in a capital case. It is to be found in In re: Igo, Okl.Cr., 331 P.2d 969, pages 972 to 976.